SAMUEL J. MACK, Appellant, v. MORTON B. AUSTIN, as Executor, etc., Respondent.

A real estate mortgage, executed by a married woman, which was unaccompanied by "a bond or other separate instrument," contained this clause: "This grant is intended as a security for the payment of the sum of $1,200, money loaned and advanced to said party of the first part, for her benefit and on the credit of her separate estate and property, and said party of the first part hereby charges her separate estate with the payment of said sum." In an action to recover a deficiency arising upon foreclosure of the mortgage, *held*, that this was not an express covenant to pay, within the meaning of the provision of the Revised Statutes (1 R. S. 738, § 139), declaring that "no mortgage shall be construed as implying a covenant for the payment of the sum intended to be secured, and where there shall be no express covenant for such payment contained in the mortgage * * * the remedies of the mortgagee shall be confined to the lands" mortgaged, and that therefore the action was not maintainable.

(Argued March 11, 1884; decided April 15, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1883, which affirmed a judgment in favor of defendant, entered upon an order sustaining a demurrer to plaintiff's complaint. (Reported below, 29 Hun, 534.)

The nature of the action and the material facts alleged in the complaint are set forth in the opinion.

*Chester M. Elliott* for appellant. The terms of the mortgage are sufficiently strong to render the mortgagor liable for the deficiency. (1 R. S. 689.) Any words showing the intent of the parties to a contract to do or not to do a certain thing raises an express covenant. (*Booth* v. *Cleveland Mill Co.*, 74 N. Y. 15; 13 N. H. 513; 65 Barb. 158.) The words used in the security clause show an intent to bind the entire separate estate of the mortgagor. (*Owen* v. *Cawley*, 36 N. Y. 600; *Ballin* v. *Dillaye*, 37 id. 35; *Manhat. Mfg. Co.* v. *Thompson*, 58 id. 80; *Nash* v. *Mitchell*, 71 id. 203; *Cashman* v. *Henry*, 75 id. 103; *Tiemeyer* v. *Turnquist*, 85 id. 521; Thomas on Mortgages, 198.) An action will lie upon a mortgage which contains an admission or recognition of an existing debt. (*Elder* v. *Rouse*, 15 Wend. 218; *Coleman* v. *Van Rensselaer*, 44 How. Pr. 368; *Culver* v. *Sisson*, 3 N. Y. 264.) Had Mrs. Austin given a bond which did not in some manner charge her separate estate it would have been a nullity. (*Kidd* v. *Conway*, 65 Barb. 158.) The clause charging the mortgagor's separate estate does not refer to the premises described in the mortgage. (*Ripley* v. *Larmouth*, 56 Barb. 21; *Marvin* v. *Stone*, 2 Cow. 781; *Gifford* v. *First Presb. Ch.*, 56 Barb. 114; *Miller* v. *H. & St. J. R. R. Co.*, 90 N. Y. 430; *Barhydt* v. *Ellis*, 45 id. 107; *Ward* v. *Whitney*, 8 id. 442, 446.)

*H. V. Howland* for respondent. As the security clause in the mortgage contained no express covenant to pay, and no acknowledgment of a personal indebtedness or promise to pay, the mortgagee's remedy is limited to the lands named in the mortgage. (3 R. S. [7th ed.] 2195; *Severance* v. *Griffith*, 2 Lans. 38; *Coleman* v. *Van Rensselaer*, 44 How. 368; *Suffield* v. *Baskervil*, 2 Mod. 36; *Gaylord* v. *Knapp*, 15 Hun, 87; *Howe* v. *Fisher*, 2 Barb. Ch. 559; *Vrooman* v. *Dunlap*, 30 Barb. 203; *Culver* v. *Sisson*, 3 N. Y. 264; *Turk* v. *Ridge*, 41 id. 201; *Weed* v. *Covill*, 14 Barb. 242; *Brisco* v. *King*, Cro. Jac. 281.)

FINCH, J. The demurrer interposed raises the question whether the complaint states a good cause of action. The suit is brought to recover a deficiency resulting from the foreclosure of a mortgage made and executed by Mrs. Austin, the defendant's testatrix, and is founded upon the mortgage alone. No bond accompanied it, and no personal liability for a deficiency arose, unless by virtue of some express covenant to pay; for so is the statute which enacts that no " mortgage shall be construed as implying a covenant for the payment of the sum intended to be secured, and where there shall be no express covenant for such payment contained in the mortgage, and no bond or other separate instrument shall have been given, the remedies of the mortgagee shall be confined to the lands mentioned in the mortgage." (1 R. S. 738, § 139.) The complaint sets out the entire instrument, and the appellant, seeking to find in it the statutory requirement of an express promise to pay, relies upon two clauses which it contains. After the grant of the land described, the mortgage declares : " This grant is intended as security for the payment of the sum of $1,200, money loaned and advanced to said party of the first part for her benefit and on the credit of her separate estate " and property, and said party of the first part hereby charges her separate estate with the payment of said sum. The argument then is that a loan on the credit of her separate estate generally is meant, and is the precise equivalent of a loan upon her personal credit, and so there is an admission of an existing personal debt. Even then the covenant to pay would only be present by implication, and no express covenant would exist. Doubtless, if the plaintiff was suing upon an original loan, and using the admission as evidence, it might serve to raise an implied promise to pay, but no such cause of action is pleaded. That alleged rests wholly upon the mortgage, and can only be sustained by the presence in its terms of an express covenant. In *Suffield* v. *Baskervil* (2 Mod. 36) an admission of a loan made to the mortgagor was held ineffectual for a purpose like the present.

But the clause relied on is claimed to be further modified

and strengthened by one which follows. The two clauses taken together result in an admission that the money was loaned for the benefit and on the credit of her separate estate, and that she "hereby" charges her "said" separate estate with the payment of the sum. There is still no express covenant to pay. Although Mrs. Austin had other separate property, as the complaint avers, yet the natural construction of her admission is that $1,200 was loaned to her, not on her personal credit, but on the credit of her separate estate, which *said* separate estate she *hereby*, that is, by the execution of the mortgage, charges with the payment. The charge is thus limited to so much of her separate estate as is described in the mortgage, as that and that only is what by the instrument is made liable for the debt. But if construed more broadly it is still the case of a charge created, without an express personal covenant to pay. It still imports that a specific estate or property was to be debtor for the sum, and not the owner personally and irrespective of such property. (*Hone* v. *Fisher*, 2 Barb. Ch. 559; *Gaylord* v. *Knapp*, 15 Hun, 87.) It would be easy to infer or imply a promise from what is said; but precisely that is what the statute forbids, and we must obey it. The General Term was right in saying that there was no express covenant.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.