(80 Misc. Rep. 170.)

### KATZ v. KATZ et al.

(Supreme Court, Special Term for Trials, Westchester County. March, 1913.)

1. MORTGAGES (§ 556*)—COVENANTS FOR PAYMENT.

   Real Property Law (Consol. Laws 1909, c. 50) § 249, providing that a mortgage does not imply a covenant for the payment of the sum secured, and if such covenant is not expressed in the mortgage, or a bond to secure payment has not been given, mortgagee's remedies are confined to the property, does not require an instrument, which is both a bond and a mortgage, to contain a covenant for payment, in order to authorize a deficiency judgment.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1592–1595, 1597; Dec. Dig. § 556.*]

2. MORTGAGES (§ 556*)—MORTGAGE OR BOND—DEFICIENCY JUDGMENT.

   An instrument, which was entitled a "Mortgage Bond", recited that defendant and his wife, naming her, were bound to another, named as obligee, in the sum named, to be paid on the dates named, until the obligation was discharged, and that, as collateral security for the payment of the indebtedness, defendant and his wife, mortgagors, in consideration of the premises and one dollar, "mortgage" to such obligee, described as "mortgagee," the premises named, and further recited that the instrument should apply to, bind, and inure to the benefit of the heirs, successors, etc., of the respective parties, in witness whereof "the said obligors and mortgagors" hereunto set their hands, etc. Held, that the instrument was in effect a bond, instead of a short-form mortgage, so that the mortgagee was entitled to a deficiency judgment on foreclosure.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1592–1595, 1597; Dec. Dig. § 556.*]

Action by Amelia Katz against Sigmund Katz and others. Judgment for plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Bernstein & Quinn, of Mt. Vernon, for plaintiff.

Neier, Hance & Van Derveer, of New York City, for defendants Klein.

TOMPKINS, J. This is an action to foreclose a mortgage. The defendants William Klein and Maria M. Klein contest the plaintiff's demand for a deficiency judgment against them.

Section 249 of the Real Property Law (Consol. Laws 1909, c. 50) provides:

"A mortgage of real property does not imply a covenant for the payment of the sum intended to be secured; and where such covenant is, not expressed, in the mortgage, or a bond or other separate instrument to secure such payment has not been given, the remedies of the mortgagee are confined to the property mentioned in the mortgage."

[1] This provision relates to the clauses set forth in the statutory short form of mortgage contained in section 258 of the Real Property Law, and to mortgages in substantially that form, and does not require that an instrument, which by its clauses is both a bond and a mortgage, shall contain a covenant for the payment of the indebtedness to justify a deficiency judgment.

[2] The instrument upon which this action is brought describes itself as a "Mortgage Bond," and reads in part as follows:

"Know all men by these presents, that William Klein and Maria M. Klein, his wife, of the city, county, and state of New York, obligors, are bound to Bernhard Bloch, of the same place, obligee, in the sum of twenty-three hundred fifty dollars, to be paid to the obligee on the fifteenth day of September, nineteen hundred and eleven, and interest thereon, at the rate of six per cent. per annum, to be computed from the fifteenth day of September, 1908, and to be paid on the fifteenth day of March and September following until this obligation is wholly discharged. As collateral security for the payment of said indebtedness, said William Klein and Maria M. Klein, mortgagors, in consideration of the premises and of the due receipt of one dollar, mortgage to said Bernhard Bloch, mortgagee, all * * *. This instrument shall likewise apply to, bind, or inure to the benefit of the heirs, successors, legal representatives, and assigns of said respective parties hereto. In witness whereof, the said obligors and mortgagors hereunto set their hands and seals on the fifteenth day of September, nineteen hundred and eight."

These provisions are very different from those contained in the statutory short-form mortgage, which refers to the indebtedness in a recital clause beginning with "Whereas," and then sets forth clauses that show that the statutory form purports only to be a mortgage and not also a bond. The instrument here in suit expressly states an existing obligation, and provides that it shall "apply to, bind, or inure to the benefit of the heirs, successors, legal representatives, and assigns of said respective parties hereto," making it in effect a bond, and thereby entitling the plaintiff to a deficiency judgment. Elder v. Rouse, 15 Wend. 218; Consumers' Brewing Co. v. Braun, 147 App. Div. 171, 132 N. Y. Supp. 87.

The contention of the two defendants Klein that the deed from them to Sigmund Katz of the mortgaged premises amounted to a payment of the instrument here sued on is without any foundation. Sigmund Katz at once conveyed the premises to the defendant Maria M. Klein.

The two simply changed the ownership of the premises from William Klein to his wife, Maria M. Klein. Both deeds contain the express provision:

"Subject also to two mortgages, aggregating $5,350, now a lien on said premises."

One of those two mortgages is the instrument here in suit, which, as stated above, is also a bond.

The plaintiff should have the usual judgment of foreclosure, and for a deficiency, if any, with costs.