CLARA A. GOLDMAN, Plaintiff, *v.* FLORENCE S. RHOADES, Individually and as Executrix of the Last Will and Testament of GILBERT H. RHOADES, Deceased; ELIZABETH J. MEAD; GEORGE H. REISCHMANN, JR., and ANNA M. REISCHMANN, His Wife; SARAH C. TERWILLIGER, Individually and as General Guardian of FRANK W. TERWILLIGER, and GILBERT S. TERWILLIGER; FRANK W. TERWILLIGER and GILBERT S. TERWILLIGER, Defendants.

Supreme Court, Schenectady County, December, 1923 (Received March, 1924).

Mortgages — foreclosure — failure to produce bond — when mortgagors may not question recital in mortgage — when covenant in mortgage deemed sufficient to support deficiency judgment — evidence examined and deemed sufficient to show bond had not been paid or assigned — when plaintiff entitled to judgment of foreclosure and sale.

A recital in a mortgage to the effect that the mortgagors were indebted to the mortgagee in a certain sum secured by a bond of even date is some evidence that a bond was given and the mortgagors may not be heard to question the fact.

Under section 249 of the Real Property Law a covenant upon the part of the mortgagors to the effect that they would pay the indebtedness as provided in the mortgage is sufficient to support a deficiency judgment.

Two years after giving a mortgage to secure the payment of $3,000 in three years the mortgagors conveyed the premises to R., who did not assume the mortgage, and it was thereafter assigned to plaintiff by an instrument reciting that it included the bond described in the mortgage. Upon the date of the assignment the husband of the owner of the premises gave to plaintiff his bond, conditioned for the payment of $3,000 on the day said mortgage became due, and though said bond recited that it was given to secure said mortgage no reference was made in said bond to any other bond. Subsequently the owner of the premises and her husband gave a mortgage for $15,000 on the property to the defendants, two of whom were infants. Upon the trial of an action to foreclose the $3,000 mortgage, the bond, if any, accompanying the mortgage, was not produced, but said mortgage contained a recital to the effect that the mortgagors were indebted to the mortgagee in the amount of the mortgage secured by a bond of even date, and also a covenant on the part of the mortgagors to pay the indebtedness as therein provided. *Held*, that the evidence was sufficient to show, as against the infant defendants, that the bond had not been paid or assigned to another and that plaintiff was entitled to judgment of foreclosure and sale.

ACTION for foreclosure of mortgage.

*Charles A. Tipling* (*Ira G. Darrin*, of counsel), for plaintiff.

*Wood, Cooke & Seitz* (*Edward F. Quinn*, of counsel), for defendants George M. Reischmann, Jr., and Anna M. Reischmann.

*Elbridge F. Hills*, guardian *ad litem* for infant defendants Frank W. Terwilliger and Gilbert S. Terwilliger.

WHITMYER, J. The action is for the foreclosure of a mortgage on certain property in Hamilton county, dated September 23, 1915, and given by defendants Reischmann to defendant Elizabeth J. Mead, to secure the payment of the sum of $3,000 on September 23, 1918, with interest at five per cent, payable semi-annually, April first and October first each year. On September 25, 1915, defendants Reischmann conveyed the property to defendant Florence S. Rhoades. She did not assume the mortgage. On February 15, 1918, the mortgagee assigned the mortgage to plaintiff. The assignment was recorded April 17, 1918. On the date of the assignment, Gilbert H. Rhoades, husband of the owner, gave plaintiff his bond, conditioned for the payment of $3,000 on September 23, 1918, the date when the mortgage became due, with interest at the rate of five and one-half per cent, payable April first and October first each year. That bond contained a recital that it was given to secure the mortgage. It does not refer to any other bond. On October 15, 1920, the Rhoades, husband and wife, gave a mortgage for $15,000 on the property to the defendants Terwilliger, two of whom are infants. The husband, Rhoades, died on October 3, 1921. The principal remains unpaid. Interest

has been paid to October 1, 1921. The action was commenced in June, 1922. The bond, if any, accompanying the mortgage has not been produced, but the mortgage contained a recital to the effect that the mortgagors were indebted to the mortgagee in the sum of $3,000, secured by a bond of even date, and it contained a covenant on the part of the mortgagors to the effect that they would pay the indebtedness, as therein provided. In the first place, although not conclusive, the recital in the mortgage is some evidence that a bond was given and the mortgagors, having signed it with such a recital, may not be heard to question it. Moreover, the covenant in the mortgage is sufficient to support a deficiency judgment against them. Real Prop. Law, § 249. In the second place, interest was paid to the mortgagee from the date of the mortgage to the time of its assignment, a period of about two and one-half years. And the assignment recited that it included the bond described in the mortgage, whereupon interest was paid to the assignee to the time of the default, a period of about three and one-half years. And the assignee owns the mortgage now. So that the evidence is sufficient to show, as against the infant defendants, that the bond has not been paid or assigned to another. Findings accordingly.

Judgment accordingly.