FIRST NATIONAL BANK OF BAINBRIDGE, N. Y., Plaintiff, *v.* MAGGIE T. WILSON and Others, Defendants.

Supreme Court, Otsego County, November 1, 1927.

Mortgages — foreclosure — corporation mortgage — complaint demands deficiency judgment against trustees under assignment for benefit of creditors — trustees agreed to collect, marshal and distribute assets pro rata among creditors — trustees are not liable for deficiency judgment — any deficiency judgment should run against defendant corporation.

Defendant trustees acquired possession of the property of a corporation under an assignment for the benefit of creditors of the corporation, by the terms of which said trustees became obligated to collect and marshal the assets of the corporation and distribute them *pro rata* among creditors after the corporation had deeded the property to said trustees, pursuant to the terms of the agreement.

In this action to foreclose a mortgage on said property, plaintiff is not entitled to a deficiency judgment against said trustees where the proof shows that, rather than covenant to pay the mortgage in full, the trustees merely agreed to collect the assets and distribute the proceeds *pro rata* among the creditors of the corporation.   However, if there is any deficiency judgment in the action, judgment therefor should be entered against the defendant corporation.

MOTION by the plaintiff for judgment in an action to foreclose a mortgage.

*Julien Scott,* for the plaintiff.

*Jerome S. Seacord,* for the defendants J. Bennett Turner, Robert D. Case and Frederick H. Meeker, as trustees of M. L. Siver & Co., Inc.

RHODES, J.   The above action was brought to foreclose a mortgage on real property.   Plaintiff moves herein for judgment as demanded in the complaint.   The only opposition is in behalf of the defendant trustees.   Plaintiff demands a deficiency judgment against them in their capacity as trustees and the trustees insist that plaintiff is not entitled, as against them, to such deficiency judgment.   The mortgage in question was given by the defendant Maggie T. Wilson, who later conveyed the premises to the defendant M. L. Siver & Co., Inc., by which conveyance said corporation assumed and agreed to pay the mortgage.   Thereafter the said corporation made an assignment for the benefit of its creditors to the said defendant trustees, by the terms of which assignment said trus-

tees became obligated to collect and marshal the assets of the corporation and distribute them *pro rata* among the creditors.   By the trust agreement the corporation covenanted to transfer its real property to said trustees by quitclaim deed, and shortly thereafter the premises in question were transferred by the corporation to said trustees by deed, apparently in pursuance of said trust agreement.   The terms of the deed are not before me, but I assume that it contained no clause assuming and agreeing to pay the mortgage, because the plaintiff bases its right to deficiency judgment herein upon the provisions of said trust agreement.   I do not think plaintiff is entitled to a deficiency judgment against said trustees. The liability for a deficiency in a mortgage foreclosure action depends upon contract.   In the early decisions upon this subject, it was held that the liability of a party assuming and agreeing to pay a mortgage depended upon the principles of equitable subrogation and it was not until the decision in the case of *Burr* v. *Beers* (24 N. Y. 178) that it was determined that an action at law might be maintained against the party assuming and agreeing to pay, such action being brought by the party for whose benefit the promise is made.   (See *Garnsey* v. *Rogers,* 47 N. Y. 233; *Gifford* v. *Corrigan,* 105 id. 223.)   If the party assuming and agreeing to pay a mortgage is liable upon his covenant, it is manifest that he can only be made liable in accordance with the terms of his covenant.   (See *Mack* v. *Austin,* 95 N. Y. 513; *Holmes* v. *Northern Pacific R. Co.,* 36 Misc. 266; affd., 71 App. Div. 618; affd., 175 N. Y. 480.)   The above-named trustees have not covenanted to pay the mortgage in full, but they have agreed to collect the assets and distribute them *pro rata*.   I agree with the defendant's contention that if there is any deficiency here, judgment therefor. should be against the defendant corporation.   The amount of plaintiff's claim against the defendant corporation will thereby be established, and to the extent of such claim in the form of a deficiency judgment, and the plaintiff will be a creditor of said corporation and will then be entitled to share with the other creditors in the distribution of the corporation assets under the trust agreement.   (See *Payne* v. *Smith,* 28 Hun, 104.)   If the plaintiff so desires, I see no serious objection to a provision in the judgment to the effect that the plaintiff is a creditor of said corporation to the extent of the deficiency judgment, if any, which may be rendered herein, and decreeing that the plaintiff is entitled to share with the other creditors in the distribution of the assets of said corporation under said trust agreement.   This, however, is the extent of the power of the court.

Plaintiff is, therefore, entitled to a judgment of foreclosure and to an order appointing some suitable person to compute the

amount due, but plaintiff is not entitled to a judgment decreeing that the defendant trustees are liable for any deficiency except to make *pro rata* distribution pursuant to said trust agreement. The determination of this motion is without costs to either party.