MINA QUACKENBUSH, Plaintiff, *v.* CHARLES F. QUACKENBUSH and HERMAN F. HILLER, Defendants.

Supreme Court, Cattaraugus County, November 18, 1927.

Mortgages — foreclosure — plaintiff joined with her husband, one of defendants in this action, and gave to her mother three mortgages containing covenants to pay indebtedness recited therein " as hereinbefore provided "— phrase referred to bond mentioned in first of three instruments — plaintiff subsequently acquired title to mortgages by assignments from mother and thereafter joined with husband in two mortgages to other defendant herein — latter mortgages contained covenants to pay indebtedness " as hereinbefore provided "— plaintiff personally covenanted to pay debt and is personally liable with husband, under Real Property Law, § 249, as to latter two mortgages — proceeds of sale will not pay all five mortgages — latter two mortgages should be paid prior to those owned by plaintiff.

This is an action to foreclose three mortgages which plaintiff, joining with her husband, one of the defendants herein, gave to her mother, in each of which appears a covenant to pay the indebtedness " as hereinbefore provided," the phrase referring to the bond mentioned in the first of the three instruments given by plaintiff to her mother. It appears that plaintiff subsequently acquired

ownership of the three mortgages, now the subject of this foreclosure action, by written assignments from her mother and that thereafter plaintiff and her husband gave to the other defendant herein two mortgages on the same property in which plaintiff joined with her husband in a covenant to pay the indebtedness " as hereinbefore provided." Since plaintiff explicitly promised and covenanted to pay the debt recited in the two latter mortgages, she is personally liable with her husband as to those mortgages under section 249 of the Real Property Law, and consequently she will not be permitted to cut off the liens of those mortgages and thereby work a preference for the three she owns — as well as owes — over those she owes and does not own.

In view of the fact that the property will not sell for enough to pay all five mortgages, the judgment directing the sale of the premises should provide that the latter mortgages should be paid prior to the three owned by plaintiff.

ACTION to foreclose mortgage.

*Claude Ellis*, for the plaintiff.

*Thomas Dowd*, for the defendant Hiller.

CROSBY, J. Plaintiff is the wife of defendant Charles F. Quackenbush. The latter owns a farm upon which he gave three separate mortgages to plaintiff's mother. The first is dated December 1, 1900, and is for $800; the second is dated November 10, 1904, and is for $500; and the third is dated September 16, 1909, and is for $550. The first mortgage is the only one that recites the giving of a bond. In the other two the reference to a " bond or other obligation," which the mortgage is given to secure, has been stricken out of the printed form. But the plaintiff joined with her husband in giving each of the three mortgages to plaintiff's mother; and in each of the three appears this covenant: " That the parties of the first part will pay the indebtedness as hereinbefore provided." So the plaintiff has personally obligated herself to pay the several debts which these three mortgages are given to secure. The phrase " as hereinbefore provided " contained in the covenant to pay refers to the bond mentioned in the first mortgage; but the absence of a bond in the case of the second and third mortgages is of no consequence, for each of them " hereinbefore provided " for payment of the debt in clear terms.

In the second mortgage there are the words: " Whereas the said Charles F. Quackenbush and Mina are justly indebted to the said party of the second part in the sum of Five Hundred Dollars * * * secured to be paid, $500 to be as follows, etc." In the third mortgage substantially the same language appears but more artistically worded. So that, in joining her husband in the three mortgages given to her mother, in each of which mortgages appears a covenant to pay the indebtedness " as hereinbefore provided," this plaintiff became personally liable to pay the amounts secured by the three mortgages.

Later and on December 18, 1914, plaintiff (who was obligated to pay these three mortgages) acquired ownership of them by written assignments from her mother recorded the day following their date.

Thereafter plaintiff and her husband (one of the defendants) gave to Hiller, the other defendant, two mortgages on the same property. The first was dated October 18, 1919, and was for $1,050; and the second was dated November 29, 1920, and was for $1,200. One of these mortgages to Hiller recites that it is given " to secure a bond or other obligation " and the other recites the same thing except that the word " bond " is stricken out of the printed form. But in each of these mortgages, like the three given to plaintiff's mother, the plaintiff joins her husband in a covenant " to pay the indebtedness as hereinbefore provided."

This action is brought by plaintiff to foreclose the first three mortgages which she joined in giving to her mother, and which she personally covenanted to pay; and she seeks to cut off the liens of the later two mortgages given to Hiller, in which she also joined, and in each of which is her covenant that she will pay the debt secured thereby. The defendant Hiller joins in the demand that the land be sold in this action; but asks that his two mortgages be paid out of the proceeds of the sale ahead of the three mortgages which plaintiff acquired by assignment from her mother.

The defendants' demand is entirely equitable; the plaintiff's demand is most unconscionable. The evidence shows that the place will not sell for enough to pay all five mortgages. It will pay all of the first three and leave a little surplus; or it will pay all of the last two and leave a surplus; but it will not pay them all. Plaintiff is obligated to pay all five of them; no known principle of equity will permit her to work a preference for the three she owns (as well as owes) over those she owes but does not own.

But even suppose she were permitted to do so, what would it avail? She would then be liable to Hiller upon her covenant to pay, and this very property would be the subject of another foreclosure; or a suit could be brought upon plaintiff's promise to pay. The parties are all in court now and it is better to fix the preferences here by judgment and save further litigation.

Plaintiff's counsel, in his brief, seems to concede that the conclusion I am reaching would be correct provided plaintiff is personally liable to pay the amount of the two Hiller mortgages. But he seeks to claim that she is not thus liable. He cites section 249 of the Real Property Law which provides: " A mortgage of real property does not imply a covenant for the payment of the sum intended to be secured; and where such covenant is not expressed

in the mortgage, or a bond or other separate instrument to secure such payment has not been given, the remedies of the mortgagee are confined to the property mentioned in the mortgage."

But it is not necessary to imply a covenant for payment. It is there in every one of the five mortgages here involved, and in the plainest terms. I think, moreover, defendant Hiller is entitled to a finding of fact that in the case of his two mortgages, bonds were given, in which plaintiff joined. There is a dispute of testimony on this point, but I believe the fact to be that the plaintiff and her husband borrowed Hiller's papers in order to draw a release of part of the mortgaged premises (which release he gave without consideration), and that they never returned his papers to him. He had to use certified copies of his mortgages on the trial. Of course the bonds were not recorded. But the two Hiller mortgages recite, in one case that there was a " bond " and in the other that there was an " obligation." But, in any case, the covenant to pay, injected into the mortgages themselves, is enough to obligate plaintiff personally, according to section 249 of the Real Property Law. (See *Goldman* v. *Rhoades,* 122 Misc. 567.)

Plaintiff's counsel cites three cases that require a little consideration: *Mack* v. *Austin* (95 N. Y. 513); *Katz* v. *Katz* (80 Misc. 170); *Gaylord* v. *Knapp* (15 Hun, 87).

*Mack* v. *Austin* was a case in which a married woman gave a mortgage accompanied by no bond, and the only question decided was whether in the absence of a bond a " covenant for the payment " within the meaning of what is now section 249 of the Real Property Law could be spelled out of a recital in the mortgage that the money had been " loaned and advanced to said party of the first part for her benefit and on the credit of her separate estate," and she " hereby charges her separate estate with the payment of said sum." The language above quoted was used because necessary, at that time, to bind a married woman at all; but the court held that, as there was no covenant or promise, in the mortgage, to pay the debt, the " separate estate " merely meant this married woman's estate (separate from her husband's) in the property mortgaged; and that she was not, therefore, liable to pay any deficiency out of her other property.

*Katz* v. *Katz* is not an authority for the claim made by plaintiff. Quite otherwise. It holds that a so-called " mortgage bond," an instrument embodying all the essentials of both a mortgage and a bond, furnished the necessary foundation for a deficiency judgment and that the provisions of section 249 of the Real Property Law, requiring a separate and distinct covenant to pay, did not apply.

*Gaylord* v. *Knapp* holds that where a mortgage contains no covenant to pay (as did the mortgages here in suit) and *no bond was given, as a matter of fact,* the mere fact that the giving of a bond was recited in the mortgage would not justify a deficiency judgment. Clearly so, but, in the instant case, I not only find that bonds, executed by plaintiff, did, as a matter of fact, accompany the Hiller mortgages; but, even without such finding of fact, plaintiff's explicit promise and covenant to pay the debt, in each of the Hiller mortgages, makes her personally liable. (*Goldman* v. *Rhoades, supra.*)

Plaintiff's counsel devotes much of his brief to an argument that plaintiff's covenant to pay the debt, in each of these mortgages, should not be taken seriously, because they are printed in a form suggested for use by statute. (Real Prop. Law, § 258, Sched. M.) The use of these forms is not compulsory. (See Real Prop. Law, § 258.) A party using them is not at liberty to nullify all the provisions he does not find to his advantage in a contract which he has executed.

I have decided to refuse to find that plaintiff and her husband practiced any fraud upon defendant Hiller. Hiller testified that, at the time he took his mortgages, they represented to him that there were no prior liens. But both plaintiff and her husband denied this, and I do not feel that Hiller has borne the burden of proof upon this issue.

The defendant Hiller may have judgment providing for the sale of the premises in question, and the payment of his two mortgages ahead of the three now owned by plaintiff. Defendant Hiller is also entitled to his costs out of the proceeds of the sale.