(73 App. Div. 590.)

## DARDE v. CONKLIN et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1902.)

1. EXECUTORS AND ADMINISTRATORS—ESTATES—CLAIMS—COSTS.

Under Code Civ. Proc. § 1836, providing that costs may be awarded plaintiff where it appears by the certificate of the referee before whom an action against an executor or administrator is tried that the claim against the estate was presented in due time, and that payment thereof was unreasonably resisted or neglected, the allowance of costs to plaintiff without such certificate having been made is error.[1]

2. SAME—APPEAL—COSTS.

Where, in an action against an executor to recover on a claim against the estate, costs are improperly awarded to plaintiff, and an appeal is necessary to correct the judgment, costs of the appeal should be awarded to the executor.

Appeal from judgment on report of referee.

Action by Louisa F. Darde against Tillie Conklin and another, executors of the will of Mary Gravelius. From a judgment for plaintiff, defendants appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Edwin F. Stern, for appellants.

A. T. Payne, for respondent.

WILLARD BARTLETT, J. In this action the plaintiff has recovered from the defendants the sum of $198 for board and nursing furnished to the testatrix of the defendants, and also the sum of $144.90 for costs and disbursements. The evidence is sufficient to sustain the principal recovery. The plaintiff is the sister-in-law of the decedent, and the appellants cite the case of Van Kuren v. Saxton, 3 Hun, 547, as authority for the proposition that a contract to pay for services or board will not be implied where the parties are thus related. In that case, however, no intimation was given by either party that pecuniary compensation should be made by one to the other. Here the facts are different. There is abundant proof of an express promise on the part of the decedent to pay for her board, and to recompense the plaintiff for her services as a nurse. But the recovery for costs cannot be upheld. There was no certificate by the referee to the effect that the claim was unreasonably resisted or neglected, such as is required by section 1836 of the Code of Civil Procedure as a condition precedent to the award of costs in such a case as this. The judgment must therefore be modified by deducting therefrom the amount inserted therein on account of costs, and, as thus modified, affirmed. The appellants should have costs of this appeal, inasmuch as it was necessary for them to come to this court in order to secure the correction to which they were entitled in respect to the insertion of costs in the judgment. All concur.

[1] See Executors and Administrators, vol. 22, Cent. Dig. § 1948 [h].