In the Matter of the Judicial Settlement of the Account of CATHERINE SULLIVAN, as Administratrix of JULIA SULLIVAN, Deceased.

Surrogate's Court, Bronx County, January, 1922.

**Executors and administrators — claim of administratrix, a sister of decedent, for board and lodging — agreement for payment — recovery on quantum meruit.**

Upon the hearing of a claim of an administratrix against the estate of her sister it was established by the testimony of witnesses who were not in any way impeached that claimant had provided decedent with a room and board during the sixteen years before her death; that during the six years next preceding her death claimant received no compensation for such board and lodging. The evidence warranted a finding that there was an agreement that such board and lodging should be paid for but not until the death of decedent, with proviso that if claimant should die before decedent such board and lodging were not to be paid for. It also clearly appeared from the testimony that in the event of the death of claimant before that of decedent claimant did not desire the decedent to make any compensation to the estate of claimant, for the reason that she wanted decedent to have sufficient funds in hand to insure her maintenance for the rest of her life. *Held,* that in the circumstances the claimant was entitled to recover upon *quantum meruit* the reasonable value of the board and lodging furnished to decedent for the time claimed.

CLAIM against an estate for services.

*John J. O'Grady,* for petitioner.

*T. Louis A. Britt* and *Edmond C. Alger,* for objectants.

*William J. Millard,* special guardian.

SCHULZ, S.   The petitioning administratrix, a sister of the decedent, asserts a claim against the latter's estate in the sum of $1,872.   This amount is alleged by her to be the reasonable value of board and lodging furnished to the decedent for a period of six years prior to her death, at the rate of $6 per week.

The testimony submitted is not contradicted nor are the witnesses impeached in any way.   It was established to my satisfaction that the decedent resided at the home of the petitioner for a period of sixteen years before her death; that the petitioner provided her with a room and board during that time; that at least for the period for which this claim is made, she received no compensation therefor and that the amount claimed per week is reasonable.   It remains to be determined whether the petitioner is entitled to recover for such board and lodging thus furnished.

If the decedent and the petitioner had not been related then upon proof that the board and lodging was furnished, the law would imply an obligation on the part of the decedent to pay for the same.   *Van Kuren* v. *Saxton,* 3 Hun, 547; 5 T. & C. 566; *Gallaher* v. *Vought,* 8 Hun, 87; *Williams* v. *Hutchinson,* 3 N. Y. 312.   Such implication, however, does not arise in this matter by reason of the fact that they were sisters.   *Collyer* v. *Collyer,* 113 N. Y. 442; *Matter of Dole,* 168 App. Div. 253; *Matter of Babcock,* 169 N. Y. Supp. 800; affd., no opinion, 185 App. Div. 906, and cases cited; *Matter of Furniss,* 86 id. 96.   Hence no support for the claim is received from that source, and whatever finding is made must rest entirely upon the testimony of the witnesses.

Although the relationship existing between the parties voids the implication of an agreement to pay, that fact alone does not preclude the possibility of any recovery if it is shown that it was in the minds of the parties that compensation should be made therefor and that an agreement to that effect existed.   *Darde* v. *Conklin,* 73 App. Div. 590.

It is well established that claims of this character asserted after the death of an alleged debtor must be carefully scrutinized, and while the language of the opinions of the many cases on the subject varies, the consensus of opinion is that the evidence to establish them should be clear, convincing and satisfactory in order that fraud against the estates of the dead may be prevented.   *Kearney* v. *McKeon,* 85 N. Y. 136; *Van Slooten* v. *Wheeler,* 140 id. 624; *Hamlin* v. *Stevens,* 177 id. 39; *Rosseau* v. *Rouss,* 180 id. 116.

For a time some uncertainty had arisen as to the amount and kind of proof required to establish such claims, but this has been dispelled since the decisions in *McKeon* v. *Van Slyck,* 223 N. Y. 392; *Ward* v. *N. Y. Life Ins. Co.,* 225 id. 314, and *Matter of*

Surrogate's Court, Bronx County, January, 1922.     [Vol. 118

*Sherman*, 227 id. 350, in which it was held that such claims need be established only by a fair preponderance of the evidence and not necessarily by written evidence.

Again doubt arose as to whether the principles enunciated by the earlier decisions heretofore cited had been entirely disapproved of by those last above referred to. Happily, this matter is settled, so far as this court is concerned, by the opinion in *Frisbee* v. *Lucas*, 192 App. Div. 583, 589, in which Mr. Justice Page expressed the opinion that the Court of Appeals did not intend to alter the principles or policy of the earlier decisions but only to correct errors in their application. Before a fair preponderance can be said to exist, the evidence should be clear and convincing, bearing in mind that one of the parties to the alleged transaction is dead. *Matter of People's Trust Co.*, 79 Misc. Rep. 595.

Five witnesses testified before me, of whom the testimony of four was directed to the question which remains for determination. Of these four witnesses, two were daughters of the petitioner, one was a niece of petitioner's deceased husband, and the other was not related to any of the parties. Both those related to the petitioner and those not shown to have an interest impressed me very favorably and I believe they conscientiously stated the facts just as they remembered them.

After exercising the care and caution required in the scrutiny of claims of this character, and having in mind the " Counsels of Caution " which should be heeded before the opinion is warranted that a fair preponderance of the evidence exists, I reach the conclusion that this petitioner should prevail.

Without quoting the testimony at length, it is, in my opinion, sufficient to rebut the usual presumption that due to their relationship it was not intended between the parties that the petitioner should be paid for the board and lodging furnished to the decedent. The evidence warrants a finding that there was an agreement between the parties that the same should be paid for, but not until the death of the decedent, with the proviso, however, that if the petitioner should die before the decedent, then no payment was to be made therefor. It appears clearly from the testimony that in the latter event the petitioner did not desire the decedent to make any compensation to the petitioner's estate because she wanted the decedent to have sufficient funds in hand to insure her maintenance for the rest of her life. This was a most considerate and generous position for the petitioner to take and she should not be penalized therefor. The decedent predeceased the petitioner and has made no provision for payment either by a will or in some other way, believing, no doubt, as the evidence shows that as the

petitioner was her only sister, the nearest in kin to her, she would inherit her entire estate. Under these circumstances, the petitioner is entitled to recover upon the *quantum meruit* urged, and the claim will be allowed.

Decreed accordingly.