In the Matter of the Judicial Settlement of the Account of Proceedings of EDNA E. E. FRANK, as Executrix of MARIA H. ROOS, Deceased.

Surrogate's Court, Bronx County, May 7, 1928.

**Executors and administrators — executrix had no right to pay to herself debt claimed to be due until allowance by surrogate, under Surrogate's Court Act, § 212, subd. 4 — agreements under which executrix and son were to receive $2,000 from estate in consideration of " services rendered " and " value received," valid — fact that all parties named in compromise agreement did not execute it does not relieve contestant from terms thereof, where he signed — payment by executrix of her claim, while improper when made, ratified — petitioner and accountant entitled to costs payable out of estate.**

On this accounting proceeding the accounting executrix had no right to pay to herself a debt claimed to be due her, since subdivision 4 of section 212 of the Surrogate's Court Act precludes such payment until the claim is proved and allowed by the surrogate. Consequently, the persons interested in the estate had a right to be heard upon the claim, and it was proper to bring in the necessary parties by the issuance of a supplemental citation.

Agreements made by decedent a short time after the execution of her will, one with the executrix, her daughter, and the second with a son, whereby she agreed, in consideration of " services rendered " by and " value received " from them that they would be entitled to $2,000 from her estate, are valid, in the absence of proof showing want of consideration, or that the instruments represented an executory gift, or of evidence of undue influence, fraud or duress,

The payment made by the executrix of her claim, while improper when made, should be ratified, notwithstanding the fact that all of the parties interested in the estate did not execute a compromise agreement as to the claims.

The said agreement is binding on the contestant who signed the same, although two sons of the decedent did not execute it.

The items for counsel fee are not excessive, and, in view of the fact that the petitioner was obliged to commence a proceeding for a compulsory accounting and to procure the issuance of a supplemental citation, costs will be allowed petitioner and the accountant, payable out of the estate.

PROCEEDING for compulsory accounting of executrix.

*Michael Cooper*, for the petitioner.

*Finis E. Montgomery*, for the accountant.

SCHULZ, S. This was a proceeding brought for a compulsory accounting. Objections were filed by Joseph Roos, one of the parties, and upon the hearing it was stipulated that these objections should be considered as also having been filed on behalf of Alexander Roos, another of the persons interested.

It appeared that the accounting executrix had paid to herself the sum of $1,284.99 on account of a debt alleged to be due to her. This she had no right to do until the same was proved to and allowed by the surrogate (Surrogate's Court Act, § 212, subd. 4; cases cited in *Matter of Carlson*, 132 Misc. 748), so that while the account showed a deficit by reason of the payment of the claim, there would have been a balance on hand if it had not been paid. The persons interested had a right to be heard upon that claim. The surrogate accordingly directed that a supplemental citation issue bringing in the necessary parties. (*Matter of Roos*, 132 Misc. 749.) This was done, and all of the parties have stipulated that the evidence introduced upon the hearing theretofore had be read with the same force and effect as though taken after their appearances.

It has been established that after the decedent had made her will and within a short time after its execution she signed two agreements, one in which she covenanted that in consideration of services rendered by and value received from the executrix, her daughter, the latter was entitled to and should receive the sum of $2,000, without interest, from her estate at the time of her demise, and the executrix agreed to accept the payment stated in full of all claims due. A similar agreement was entered into by the decedent with her son, Joseph B. Roos. After her death a disagreement arose between the parties, which it was attempted to compromise by an agreement between them. All of the parties interested and named in the agreement except two sons, namely, Alexander Roos and Edward Roos, executed the same. The contestant, Joseph Roos, one of the parties who did sign it, now claims that the agreement is not binding upon him because the two persons above named did not execute it.

It appears, however, that the attorney of Joseph Roos, after the refusal of these parties to sign, sent the same, executed by his client to the executrix, and that she duly executed the same and has acted thereon. It is evident also that nothing moves to Joseph Roos from those who did not sign other than what he receives under the decedent's will; that he cannot suffer any loss from the fact that they did not sign, and that he did not change his position by reason of any covenants which were to have been entered into by any of the parties other than the accounting executrix. She was the only one to covenant with this contestant, and if she was willing to do so, even though some of the others named in the agreement did not join in its execution, it did not render the agreement ineffectual as between her and the contestant, Joseph Roos.

If several parties enter into an agreement, and the stipulations are not common to all of them, but one party is interested in every stipulation while the interests of the others are severed, the persons with these separate interests are not necessary parties to the agreement between the others. "Each party * * * was bound only to the extent of the promises, express or implied, made by them respectively. (*Berry Harvester Co.* v. *Walter A. Wood Co.*, 152 N. Y. 540.)" (*Union Ins. Co.* v. *Central Trust Co.*, 157 N. Y. 633, 639.) Where the promise of one party to a tripartite agreement, inures to the benefit of another, the former is compelled to perform such promise. (*Maloney* v. *Iroquois Brewing Co.*, 63 App. Div. 454, 459; revd., 173 N. Y. 303, on another point.) The burden of proving that the contestant was not bound by the contract because two of the other persons did not sign, was upon him. (*Dillon* v. *Anderson*, 43 N. Y. 231, 235; *Parker* v. *Bradley*, 2 Hill, 584, 586.) (On general subject, see, also, *Hurd* v. *Kelly*, 78 N. Y. 588, 598; *Davis* v. *Marvine*, 160 id. 269, 277; *Union Ins. Co.* v. *Central Trust Co., supra.*)

The two agreements hereinbefore referred to as having been made by the decedent with two of her children have been fully established. I accordingly hold that the contestant, Joseph Roos, and the parties who signed the agreement are bound thereby, and that Joseph Roos is entitled to receive thereunder the sum of $127.02, which is the difference between the sum of $729.25 for which the accountant asks credit, and which is provided for in the agreement, and the sum of $602.23 heretofore paid to him. The accountant is disallowed such sum of $127.02 claimed as a credit in Schedule C of her account and forming a part of the item of $729.25 there set forth.

Two of the parties, however, did not sign the agreement and

Surrogate's Court, Bronx County, May, 1928.          [Vol. 132

one of them is a contestant, so that as to the latter the question raised must be determined. He contends that the agreements were made without consideration; that, therefore, they are not contractual, but testamentary in character, and cannot be given effect.

While it is true that where the relationship of parent and child exists between the parties, there is no presumption in the absence of a contract that they were to be paid for ( *Ulrich* v. *Ulrich*, 136 N. Y. 120, 123; *Seaman* v. *Jamison*, 158 App. Div. 832, 835; *Collyer* v. *Collyer*, 113 N. Y. 442; *Matter of Dole*, 168 App. Div. 253; *Matter of Furniss*, 86 id. 96), nevertheless the mere fact of such relationship alone does not preclude the possibility of recovery, if it be shown that it was in the minds of the parties that compensation should be made therefor. (*Darde* v. *Conklin*, 73 App. Div. 590.) Nor is the evidence necessary to prove claims against the estate of a decedent different from that which is required to establish a claim against a living debtor. (*McKeon* v. *Van Slyck*, 223 N. Y. 392; *Ward* v. *N. Y. Life Ins. Co.*, 225 id. 314; *Matter of Sherman*, 227 id. 350; *Caldwell* v. *Lucas*, 233 id. 248.) Only a fair preponderance of evidence is necessary although, as one of the parties is dead, such evidence should be clear, convincing and satisfactory. (*Kearney* v. *McKeon*, 85 N. Y. 136; *Matter of Van Slooten* v. *Wheeler*, 140 id. 624; *Hamlin* v. *Stevens*, 177 id. 39.)

In this matter the services rendered were not in an ordinary household, but for some time while the decedent kept boarders and roomers. The agreements recite that they were made in consideration of " services rendered " and " value received." This was *prima facie* evidence of an obligation and the burden of showing want of consideration and that the instrument represented an executory gift, was upon the contestants (*Matter of Ball*, 221 App. Div. 228; affd., 247 N. Y. 533), and this has not been sustained. There is no evidence of undue influence, fraud or duress. The payment by the executrix of her claim, while improper when made, is now ratified.

I find that the items of counsel fee objected to are not excessive.

It follows that other than the disallowance of the credit of $127.02, the objections must be dismissed. In view of the fact that the petitioner was obliged to bring a proceeding for a compulsory accounting, and to procure the issuance of a supplemental citation, costs will be allowed to the petitioner and the accountant, payable out of the estate.

Settle decision and decree accordingly.