John J. Dillon, S.
The disputed claims described in schedule “ D-l ” of the account are disposed of as follows:
(1) The claim advanced by the assignees of the payee of the decedent’s promissory note for $5,000 is allowed. The argument that the obligation was released by the will of the payee was rejected by the New York County Surrogate in his decree of January 19, 1953 and is res judicata against the executors of the present estate who were parties to the New York County proceeding. The note is negotiable (Pine v. Okoniewski, 256 App. Div. 519). Even if it were not, it is assignable, and the decree of the New York County Surrogate directing the assignment is likewise res judicata against the executors on that issue. In neither event was the burden on the assignees to prove consideration. If the instrument was negotiable consideration is presumed. (Negotiable Instruments Law, § 50.) If it was not negotiable the words ‘ ‘ value received” constitute an admission of consideration. (Owens v. Blackburn, 161 App. Div. 827.)
*1055 (2) The claim of Frances Broughton for $540 as compensation for household services rendered after the decedent’s death over a period of nine weeks is allowed in the amount requested. The court finds that the services of the claimant were primarily for the upkeep of the property and the executors were charged in article “ ninth ” of the will with the expense of such upkeep. The services so rendered were entirely apart from the services contemplated by article ‘1 eleventh ’ ’ and entitle the claimant to additional compensation.
The fees of the attorneys for the executors are allowed in the amount requested, which shall constitute payment in full for all services rendered and to be rendered to and including the decree.
Settle decree.