James D. Hopkins, J.
The question presented is whether the plaintiff, suing to foreclose a mortgage, makes out a prima facie case by proof of the execution and delivery of the mortgage by the defendant, without evidence of consideration save as may be contained in the recitals of the mortgage.
The plaintiff is the widow and executrix of the last will and testament of Charles Carrara, deceased. The defendant is the son of the decedent. At the trial, the plaintiff established that an attorney representing the defendant had prepared the mortgage executed by the defendant, and that no bond had ever been prepared; that the attorney had recorded the mortgage, and that no part of the principal and interest had been paid, though demanded. The plaintiff thereupon rested. The defendant then moved to dismiss the complaint, on the ground that a prima facie case had not been proved. The court reserved decision on the motion, and has considered briefs submitted by the parties on the question.
The specific point urged by the defendant is that the plaintiff was obliged to establish consideration for the delivery of the mortgage as part of her affirmative case. It is manifest that no actual consideration has been shown, unless it may be said that the mortgage itself contains evidence of consideration.
We may begin by accepting as a proposition beyond dispute that the burden rests on the plaintiff to establish consideration for the mortgage in suit. Plaintiff, as proponent of her right to enforce the mortgage, must show that it is a good and valid contract, and that duty continues throughout the case (Murray v. Norwood, 192 N. Y. 172, 177; 1 Williston, Contracts [3d ed.], § 108). Even in a case involving negotiable instruments, where consideration is presumed, the burden remains on the party seeking to enforce payment despite the aid of the presumption (Hoffay v. Hershenstein, 232 App. Div. 149; cf. Matter of *908 Tierney’s Will, 44 N. Y. S. 2d 375, affd. 268 App. Div. 913, affd. 294 N. Y. 952).
The plaintiff argues that she discharged the burden of proving consideration by the recitals in the mortgage itself. The mortgage states, in part, that “ to secure the payment of an indebtedness in the sum of Five Thousand ($5,000.00) Dollars, lawful money of the United States ”, the defendant mortgages the premises in suit. Likewise, it contains the covenant that “ the mortgagor will pay the indebtedness as hereinbefore provided ”. These provisions, the plaintiff asserts, are clear evidences of consideration.
The exact point in issue has not received in New York extended judicial treatment, perhaps because, until 1941 when the seal was abolished, consideration was imported as a matter of law by the presence of the seal on the mortgage (see Lloyd, “ Consideration and the Seal in New York — An Unsatisfactory Legislative Program ”, 46 Col. Law Rev. 1, 2; Note, 37 Col. Law Rev. 674, 680). In other States, however, the rule had been adopted that an admitted and duly executed instrument carried with it a presumption per se that it was supported by consideration (3 Jones, Mortgages [8th ed.], § 1664, p. 82; cf. Shrout’s Ad’r v. Vaughan, 305 Ky. 637; see, also, 59 C. J. S., Mortgages, § 98, pp. 140-141).
As a corollary to this rule, there had also been evolved a working principle that the words 11 value received ” in a writing, other than a negotiable or sealed instrument, created a presumption of consideration for the writing (Ann. 116 A.L.R. 545). This principle of proof is recognized in many cases in New York (Matter of Steglich, 91 App. Div. 75; Hamilton v. Hamilton, 127 App. Div. 871, 874), apparently having its origin in the common-law method of pleading consideration (cf. Prindle v. Caruthers, 15 N. Y. 425, 426, cited with approval in National Citizens’ Bank v. Toplitz, 178 N. Y. 464, and California Parking Corp. v. Kelly Storage & Dist. Co., 228 N. Y. 49). A more precise statement of the effect of a recital of 1 ‘ value received ’ ’ or words of an equivalent nature is found in other cases which describe the use of that language by the party executing the instrument as an admission of a sufficient consideration (Owens v. Blackburn, 161 App. Div. 827; Matter of Ball, 221 App. Div. 228, 232; Matter of Kellogg, 14 Misc 2d 1054).
The bulk of the cases cited above concern instruments for the payment of money, but unsecured by a lien on real property, such as a mortgage. Nevertheless, the rule giving effect to recitals of consideration has likewise been invoked in agreements of a security or similar character (Matter of Pirie, 198 N. Y. *909 209, 213; Matter of Roos, 132 Misc. 335, 338; Gamble v. Lewis, 88 Misc. 139, 141). In Pirie, the Court of Appeals stated that an acknowledgment of a mortgage embraced an acknowledgment of matters therein contained and was prima facie evidence thereof. Moreover, it seems that the modern view follows the thesis that a recital of consideration is admissible evidence of the facts, even though rebuttable (1 Restatement, Contracts, § 82, Comment b, p. 93).
It is also significant that the words appearing in the mortgage in suit and quoted above are, as a matter of statutory law, directed to be construed as words representing an indebtedness of the amount on the face of the mortgage owing by the mortgagor, and the receipt of a consideration of $1 (Real Property Law, § 254, subd. 1). And, of course, the covenant to pay by the mortgagor obligated him, even in the absence of a bond (Munoz v. Wilson, 111 N. Y. 295; QuacTcenbush v. Quackenbush, 130 Misc. 738).
The court, therefore, concludes that the recitals in the mortgage conceded to have been executed by the defendant are admissions of consideration, which are sufficient for the establishment of a prima facie case by the plaintiff. The burden of going forward with proof of lack of consideration, as alleged as a defense, rests on the defendant. On the whole case, however, as stated above, the burden of proving a valid and enforcible mortgage continues to remain with the plaintiff.
The motion to dismiss by the defendant at the end of plaintiff’s case is, therefore, denied. The trial shall resume upon 10 days ’ notice in writing to be given by the plaintiff’s attorney to the defendant’s attorney.