■ Edna G. Carrara, as Executrix of Charles Carrara, Deceased, Appellant, v. Joseph Carrara, Respondent.— In an action to foreclose a mortgage, in which defendant asserted a counterclaim for its cancellation, plaintiff appeals from a resettled judgment of the Supreme Court, Westchester County, dated July 20, 1961 and entered August 8, 1961 upon the decision of the court after a nonjury trial, which dismissed the complaint upon the merits and which directed the County Clerk to cancel the mortgage of record. Plaintiff also appeals from the original judgment of said court, dated June 12, 1961 and entered June 22, 1961. Resettled judgment affirmed, with costs. No opinion. Appeal from the original judgment dismissed. This judgment was superseded by the resettled judgment. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.

■ Mathilde Fruhwald et al., Respondents, v. Devere Trucking Corp. et al., Defendants, and T. Ferrara, Doing Business as Ferrara Dress Trucking, Appellant.— In a negligence action by plaintiff wife to recover damages for personal injuries, and by her husband to recover damages for loss of her services and for medical expenses, the defendant Ferrara appeals from an order of the Supreme Court, Suffolk County, entered December 5, 1961, which denied his motion, made during a jury trial, to dismiss the complaint as to him for failure of proof and for a directed verdict, and which directed a new trial. The motion was made at the close of all the evidence before the submission of the case to the jury, and was denied. The case was then submitted to the jury which failed to return any verdict because of its disagreement. Thereafter the said order was made and entered; and the defendant Ferrara appeals therefrom as now permitted by statute (Civ. Prac. Act, § 457-a, subd. 3; cf. Le Glaire v. New York Life Ins. Co., 5 A D 2d 171, 172; Schwartz v. City of Mt. Vernon, 12 A D 2d 816). Order reversed on the law, without costs; defendant Ferrara's motion to dismiss the complaint as to him for failure of proof granted; and judgment directed to be entered accordingly. No questions of fact were considered. The female plaintiff, while passing through an alley between two buildings, allegedly fell because her foot caught in a wire clothes hanger lying on the ground. In one of the adjacent buildings were two dress contractors, who used wire hangers on which to hang dresses. Several hours before the accident the defendant Ferrara, a truckman, had removed some 1,000 dresses, each dress on a separate hanger, from the factories of the dress contractors. His process of removal was to slide the dresses down a wire, stretched from the windows of the factories, into his truck parked in the alleyway below. In our opinion, there is no evidence from which the jury could find that defendant Ferrara was the owner of the hanger which allegedly caused plaintiff to fall, or that defendant Ferrara ever had control over such hanger, or that it had any connection with his trucking operation at the premises. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.