■ Janet L. Hopper, Respondent, v Raymond H. Lockey, Jr., et al., Appellants. [661 NYS2d 99] —Cardona, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered October 11, 1996 in Saratoga County, which denied defendants' motion for, *inter alia*, summary judgment dismissing the complaint.

Plaintiff and defendant Raymond H. Lockey, Jr. (hereinafter the parties) were married in Rockland County on February 12, 1981. In April 1983, they purchased two contiguous parcels of real property (hereinafter the property) located in the Town of Day, Saratoga County. Between 1985 and 1992 the property was improved by various construction. From June 1985 to October 1990 there was a series of conveyances of the property from the parties to defendants Adirondack Ecology and Environmental Conservation Center, Inc. and Adirondack E.E.C. Center, Inc. (corporations principally controlled by Lockey). In April 1993, the latter defendant conveyed the property to Lockey alone. On December 29, 1986, the parties signed powers of attorney authorizing their appearances in a divorce action in a Dominican Republic court. They were divorced pursuant to a decree issued January 24, 1987.

In November 1994, plaintiff commenced this action seeking, *inter alia*, to impose a constructive trust on the property. Defendants answered and counterclaimed. One of the counterclaims alleged that plaintiff's action was prohibited by the provisions of a "Marital and Joint Property Settlement Agreement" (hereinafter the settlement agreement) executed by the parties on December 23, 1986, which was incorporated in the divorce decree. Defendants moved for, *inter alia*, summary judgment dismissing the complaint based upon the existence of the alleged settlement agreement. Plaintiff denied executing the settlement agreement which gave all of the real and personal property acquired by the parties to Lockey and contended that it was a fraud and a forgery. Supreme Court denied defendants' motion, finding a "sharp issue of fact" as to whether the alleged settlement agreement was part of the official records maintained by the Dominican Republic court. Defendants appeal.

We find that defendants satisfied their initial burden of dem-

onstrating entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562) through the submission of (1) copies signed by both parties of a document entitled "Application for Dominican Divorce by Mutual Consent" indicating that they completed and agreed to a marital property settlement prior to the applications, (2) a copy of the settlement agreement, (3) a copy of the official divorce decree, and (4) a document (and its English translation) from the Dominican Republic court dated November 15, 1995, bearing a certification by a Vice-Consul of the United States as to the authenticity of the official signatures, which stated that a marital agreement dated December 23, 1986 signed by the parties was on file with the court.

In opposing the motion, plaintiff submitted an affidavit denying the existence of the settlement agreement and contending that her signature was a forgery. In that regard, we note that plaintiff's alleged signature was not notarized. Furthermore, defendants have not submitted the affidavit of a handwriting expert to establish the authenticity of plaintiff's signature. Plaintiff also noted in her affidavit that the alleged settlement agreement gave Lockey personal property she had before the marriage and property not owned by the parties at the time of the alleged execution of the agreement. Plaintiff's submissions included purchase receipts supporting that claim. In a subsequent affidavit, plaintiff submitted another document (and its English translation) from the Dominican Republic court dated April 25, 1996, bearing a certification by a Vice-Consul of the United States as to the authenticity of the official signature, which indicated, in direct contrast to Lockey's claim, that *no* agreement of separation dated December 23, 1986 was on file with the Dominican Republic court.

Based upon the record before us, we find that plaintiff has made a sufficient evidentiary showing establishing the existence of material triable issues of fact warranting Supreme Court's denial of defendants' motion (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v City of New York*, 49 NY2d 557, 562, *supra*).

We decline to reach plaintiff's claim that defendants' counsel should be disqualified under the advocate-witness rule (Code of Professional Responsibility DR 5-102 [22 NYCRR 1200.21]). We note that plaintiff raised this issue for the first time at the oral argument of defendants' motion before Supreme Court and that the court did not address it. Plaintiff's failure to raise this issue when defendants moved for summary judgment, either in her answering papers or by way of a cross motion,

precluded them from submitting evidentiary material in opposition. Thus, we conclude that the issue has not been preserved for appellate review (*see, First Intl. Bank v Blankstein & Son*, 59 NY2d 436, 447; *Arell's Fine Jewelers v Honeywell, Inc.*, 147 AD2d 922, 923).

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.