■ JANET L. HOPPER, Respondent, v RAYMOND H. LOCKEY, JR., et al., Appellants. [777 NYS2d 922]—

Peters, J.P. Appeal from an order of the Supreme Court (Ferradino, J.), entered August 19, 2003 in Saratoga County, which modified a prior settlement agreement entered into by the parties.

As a result of an action commenced by plaintiff against defendant Raymond H. Lockey, Jr. (hereinafter defendant) and others, plaintiff and defendant entered into a settlement agreement which provided for the subdivision and sale of property located in the Town of Day, Saratoga County. Pursuant to that agreement and by order of Supreme Court, the property was subdivided and listed with a mutually agreed upon real estate broker for $300,000; any reduction in price had to be approved by the parties. Approximately one year later, defendant independently terminated the listing agreement and took the properties off the market. Plaintiff moved before Supreme Court for, inter alia, an order directing that the properties be immediately listed for sale and requested that if the parties were unable to reach an agreement regarding a new real estate broker, the court make the appointment. Defendant opposed the motion and cross-moved for other relief. Supreme Court granted plaintiff's motion by ordering, inter alia, that the properties be listed as one unit with a newly designated real estate broker at the previously agreed upon price, but additionally directed that

such price be reduced by $5,000 each month the properties remained unsold. Such relief was not specifically requested by either party although plaintiff had requested that a reasonable listing price be set "based upon the recommendation of the realtor." Defendant appeals.

We reject defendant's contention that the settlement agreement discontinued the underlying action; there was no stipulation of discontinuance or entry of judgment in accordance with the terms of the settlement (*see Teitelbaum Holdings v Gold*, 48 NY2d 51, 53 [1979]; *see Aaron v Aaron*, 2 AD3d 942, 944 [2003]; *Van Ness v Rite-Aid of N.Y.*, 129 AD2d 931, 932 [1987]). But we agree that Supreme Court improperly altered the terms of the parties' settlement when it imposed a $5,000 monthly reduction in price if the properties were not sold by a date certain. Absent a showing of fraud, collusion, mistake or accident, public policy favors enforcement of settlement agreements as written (*see Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998]; *Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375, 383 [1993]; *Hallock v State of New York*, 64 NY2d 224, 230 [1984]). Here, we can discern no basis upon which we can support the modification made, even under Supreme Court's "supervisory power over the action" (*Teitelbaum Holdings v Gold, supra* at 53), because it appears that Supreme Court "improperly 'fashion[ed] a new contract under the guise of contract construction' " (*Dunham v Dunham*, 214 AD2d 961, 962 [1995], quoting *Slatt v Slatt*, 64 NY2d 966, 967 [1985]).

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed that the price of the properties be reduced by $5,000 each month until they are sold, and, as so modified, affirmed.