■ JANET L. HOPPER, Respondent, v RAYMOND H. LOCKEY, JR., et al., Appellants. [795 NYS2d 103]—

Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 3, 2004 in Saratoga County, which denied defendants' cross motion seeking a declaration that a certain note and mortgage constituted a valid lien.

This case represents another chapter in the long, tortuous litigation between these parties (*see* 8 AD3d 802 [2004]; 241 AD2d 892 [1997]). In 1983, plaintiff and her husband, defendant Raymond H. Lockey, Jr. (hereinafter defendant), purchased two contiguous parcels of real property (*see* 241 AD2d 892, 892 [1997], *supra*). Between 1985 and 1992, the property was improved and transferred through a series of conveyances to defendant Adirondack Ecology and Environmental Conservation Center, Inc. and defendant Adirondack E.E.C. Center, Inc. (hereinafter AEEC). In April 1993, AEEC transferred title to the property to defendant. Plaintiff alleged that she was not made aware of this transfer and, therefore, sought to impose a constructive trust (*id.*). Defendant countered that an agreement of December 23, 1986, which was incorporated into their 1987 Dominican divorce decree, precluded her claim to title. Plaintiff denied executing any such agreement (*id.*) and ultimately produced a document from the Dominican Republic court bearing a certification confirming that no such agreement was on file (*id.* at 893).

In March 2001, the parties entered into a settlement agreement which specifically addressed the sale of these properties and an equal division of the net proceeds. That agreement acknowledged that any liens attached to the properties were to be paid before a distribution of sale proceeds. When plaintiff charged defendant with breach of the settlement agreement as it pertained to the manner of sale (8 AD3d 802 [2004], *supra*), defendant advised that a sale was imminent and first alleged that the improvements to these properties were paid for by funds that he made available to AEEC. He further alleged that such funds were secured by a note and mortgage which he received, in blank, from his attorney, Kenneth Moran.[1] The note and mortgage, dated November 27, 1990, bore the signatures of defendant's mother, as secretary of the corporation, and Moran, who notarized the document.[2] Hence, he sought a declaration that such documents constituted a valid lien on the property.

---

1. At that time, defendant was the sole owner of all outstanding shares of AEEC.

2. This note essentially eliminated plaintiff's share of the proceeds once it was satisfied.

Supreme Court held an evidentiary hearing and rejected their validity. This appeal ensued.

Defendant correctly asserts that the mere failure to record the mortgage did not make it void (*see Commonwealth Land Tit. Ins. Co. v Lituchy*, 188 AD2d 353 [1992], *lv denied* 81 NY2d 706 [1993]; *see also* Real Property Law § 291). However, this was not the sole basis for Supreme Court's determination; it was Supreme Court's assessment of defendant's proffer which led it to the conclusion it reached. Although "we have broad discretion to review Supreme Court's findings and to grant the judgment the court should have granted on the record, we defer to the trier of fact when the credibility of witnesses is involved" (*McGuirk v Ferran*, 222 AD2d 943, 945 [1995], *lv denied* 88 NY2d 1003 [1996] [citation omitted]; *see Barden & Robeson Corp. v Czyz*, 245 AD2d 599, 601 [1997]). Defendant had the burden to establish that the note and mortgage were supported by valid consideration (*see Carrara v Carrara*, 29 Misc 2d 907, 907 [1961], *affd* 16 AD2d 695 [1962]). He testified that he loaned money to AEEC but provided no documentary evidence to support that assertion. The mortgage was not recorded, nor were payments made. Moreover, the March 2001 settlement agreement never made mention of this outstanding note or mortgage. Hence, in light of a failure of proof concerning consideration, the failure to record the documents, the lack of payments, the inconsistencies in relevant testimony regarding their authenticity and defendant's wholesale failure to have ever produced or referred to these documents in any prior agreement or litigation, we find Supreme Court to have properly exercised its discretion in denying their validity.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.