Kupperstock v Kupperstock (2018 NY Slip Op 05457)





Kupperstock v Kupperstock


2018 NY Slip Op 05457


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-09835
 (Index No. 29066/10)

[*1]Catherine Kupperstock, respondent-appellant, 
v
Arie Kupperstock, etc., appellant-respondent.


Koss & Schonfeld, LLP, New York, NY (Simcha D. Schonfeld and Zahra A. Smith of counsel), for appellant-respondent.
Windels, Marx, Lane & Mittendorf, LLP, New York, NY (Robert D. Mercurio and James Tracy of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to cancel and discharge a mortgage, the defendant appeals, and the plaintiff cross-appeals, from a judgment of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered August 9, 2016. The judgment, insofar as appealed from, upon an order of the same court entered September 18, 2014 (Allan B. Weiss, J.), and after a nonjury trial, awarded the plaintiff judgment on the first cause of action pursuant to RPAPL article 15 and directed the cancellation and discharge of record of the mortgage allegedly executed by the plaintiff in favor of Zvi Kupperstock. The judgment, insofar as cross-appealed from, dismissed the second and third causes of action in the complaint.
ORDERED that the judgment is affirmed, without costs or disbursements.
The plaintiff, Catherine Kupperstock, and the defendant, Arie Kupperstock, were married in September 1981, and have four children. During the marriage, the family lived in a house in Forest Hills, the property that is the subject of this action. The property was purchased by the plaintiff in 1987. In 1996, the plaintiff commenced an action for a divorce and ancillary relief. Thereafter, the defendant and the plaintiff entered into a stipulation of settlement on March 3, 1997, which, among other things, awarded the subject property to the plaintiff exclusively.
A few weeks after the stipulation of settlement was signed, the defendant caused to be recorded a mortgage against the property that had purportedly been given by the plaintiff in favor of the defendant's then-deceased father, Zvi Kupperstock. The mortgage, which was in the sum of $840,000, approximately $260,000 more than the purchase price of the property approximately six years earlier, was dated January 29, 1994. The mortgage required no payments of principal or interest until 2017, at which time all principal and interest owed would be due and payable to Zvi, who had died in 1996.
The plaintiff commenced this action against the defendant, individually and as administrator of Zvi's estate, seeking, inter alia, to cancel and discharge the mortgage. She also sought to recover damages for fraud and prima facie tort. The defendant moved, inter alia, for [*2]summary judgment dismissing the complaint. That motion was denied in an order entered September 18, 2014. After a nonjury trial, in a judgment entered August 9, 2016, the Supreme Court awarded the plaintiff judgment on the first cause of action pursuant to RPAPL article 15 and directed the cancellation and discharge of record of the mortgage allegedly executed by the plaintiff in favor of Zvi. The court dismissed the second and third causes of action, finding that the plaintiff failed to sustain her burden of establishing her entitlement to damages for fraud or prima facie tort, respectively.
The defendant appeals, and the plaintiff cross-appeals, from the judgment. The defendant's appeal from the order was dismissed (see Kupperstock v Kupperstock,_____ AD3d _____ [Appellate Division Docket No. 2014-10799; decided herewith]); however, the issues raised therein are brought up for review on the appeal and cross appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248). We affirm.
On the motion for summary judgment, the defendant established, prima facie, that the mortgage recorded against the property was valid, through copies of the mortgage purportedly bearing the plaintiff's signature and an affidavit of a handwriting expert attesting to the genuineness of the signature. In opposition, however, the plaintiff raised a triable issue of fact. A certificate of acknowledgment attached to an instrument, such as a mortgage, raises a presumption of due execution, and that presumption may be overcome only on "proof so clear and convincing as to amount to a moral certainty" (Albany County Sav. Bank v McCarty, 149 NY 71, 80). Here, the plaintiff's affidavit, wherein she affirmed that she never borrowed money from Zvi Kupperstock and never knowingly signed the mortgage note or mortgage, together with considerable documentary evidence created contemporaneously with the purchase of the subject property and throughout the length of the marriage that flatly contradicted the existence of a mortgage, was sufficient to raise a triable issue of fact warranting denial of summary judgment (see Stein v Doukas, 98 AD3d 1026).
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (Neuman v Neumann, 109 AD3d 886, 887-888 [internal quotation marks and citations omitted]). Here, at trial, the Supreme Court explicitly found the plaintiff's testimony to be consistent and credible and properly concluded that the plaintiff had rebutted the presumption of due execution by establishing that the mortgage was not valid. The court noted that the documents prepared contemporaneously with the house purchase and documents prepared in connection with the divorce did not reference or discuss any mortgage. The court further noted that the details of the mortgage itself lent credibility to the plaintiff's claim that this mortgage was manufactured by the defendant to assert continued control over the plaintiff. Specifically, the mortgage was recorded just weeks after the parties entered into the stipulation of settlement in the divorce action, was for a purported loan in the sum of $840,000, which was $260,000 more than the price paid for the subject property, and was a 30-year-term mortgage that required no payment until the expiration of the term, at 10% interest compounded annually, a date when Zvi would have been 114 years old. Taken together with other evidence that tended to establish that the plaintiff was unable to communicate with Zvi, and that Zvi was not in a position to lend large sums of money, the court properly concluded that the mortgage and note must be cancelled and discharged given the lack of any documentary evidence to support the validity of the mortgage and note (see Cunningham v Baldari, 100 AD3d 584; see also Hopper v Lockey, 17 AD3d 912). Therefore, we agree with the court's determination to award the plaintiff judgment in her favor on the first cause of action pursuant to RPAPL article 15 and direct the cancellation and discharge of record of the mortgage allegedly executed by the plaintiff in favor of Zvi.
We also agree with the Supreme Court's determination to dismiss the causes of action to recover damages for fraud and prima facie tort. The plaintiff did not allege or establish justifiable reliance to support the fraud cause of action, as she failed to allege or establish that she was induced to act or refrained from acting to her detriment because of the recording of a mortgage against her home without her knowledge. Moreover, the financial demands of prosecuting or defending a lawsuit do not constitute "special damages" as that term is defined in the context of prima facie tort [*3](see Del Vecchio v Nelson, 300 AD2d 277, 278; cf. Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712).
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court