CARRIE M. WOOD, Respondent, v. ARTHUR E. TRAVIS, Appellant.

Third Department, January 14, 1931.

*Herbert C. Kibbe,* for the appellant.

*Mangan & Mangan* [*Thomas J. Mangan* of counsel], for the respondent.

WHITMYER, J. The action is for the foreclosure of a mortgage on certain real property. The mortgage is for $7,500 and was given by defendant to plaintiff and her husband, who has since died. The action is by the wife, as survivor.

The mortgage was given on September 15, 1927, and provides for interest at six per cent per annum, payable semi-annually, and for the payment of the principal in installments of $100 on each interest day, with full payment on September 15, 1937.

The complaint alleges that it was given as collateral security to an accompanying bond, in the same amount and upon the same terms and conditions.

Defendant, alone, has appeared and answered.

In his answer he admits that he gave the mortgage, but denies that it was given as collateral security for the payment of any indebtedness, and denies that he gave a bond.

Further answering to the same effect, defendant alleges that it was expressly agreed that he was not to become personally liable to any one for the mortgage debt.

Deficiency judgment is asked for against him, as the alleged obligor, and against another defendant, on his alleged guaranty of the payment of the bond and the mortgage.

Plaintiff's affidavits are to the effect that defendant gave a bond, as well as the mortgage, but that the bond cannot be found.

Defendant's affidavits are to the effect that a bond, although prepared, was not executed or given by him, because he refused, and that it was agreed that he was not to be personally liable.

If a bond was given, but has been lost, personal liability may be asserted against defendant, on proper proof. If a bond was not given, there will be no personal liability, on his part, unless it exists by reason of some other instrument, which is not claimed, or is created by the mortgage itself.

The parties to a mortgage may insert therein a covenant binding the mortgagor to pay the debt secured. Such a covenant is valid and binding. However, in the absence of express words to that effect, it cannot be implied. (Real Prop. Law, § 249; 41 C. J. §§ 221–224, pp. 393, 394; Thomas Mort. [3d ed.] § 104.)

" When the mortgage describes the debt as evidenced by a note or bond, and there is actually no such obligation in existence, the weight of authority inclines to the view that the mortgage may nevertheless stand as security for the amount really due from

the mortgagor to the mortgagee, if it recites that a debt in fact exists independently of the note, or professes to secure the debt itself and not merely the note. But where the mortgage purports to secure only the note or bond evidencing the debt, it is invalid if no note or bond is in existence." (41 C. J. § 256, p. 410.)

This mortgage is on the usual printed short form, with interest, insurance, tax and assessment clauses.

It contains the recital that defendant, the mortgagor, is justly indebted to the mortgagees in the sum of $7,500, secured to be paid by his certain bond or obligation of even date, conditioned for the payment of said sum.

The indenture clause is a grant and release by said mortgagor to the mortgagees of the real property therein described, " for the better securing the payment of the said sum of money mentioned in the condition of the said bond or obligation," with the proviso that the estate thereby granted shall be void, if payment is made of the said sum mentioned in the condition of said bond or obligation, as therein specified.

And there is a covenant by the mortgagor that he " will pay the indebtedness as hereinbefore provided."

Whether or not a bond was given, and, if not, whether the recitals in the mortgage constitute a covenant to pay, sufficient to support personal liability, or show that a debt exists in fact independently of the bond, will be questions for determination on the trial. (*Spencer* v. *Spencer*, 95 N. Y. 353, 356.)

If defendant had set forth the facts, as he claims that they are, and had asked for reformation, accordingly, it is probable that the question would have been simplified, so far as relates to the interpretation of the mortgage itself. And defendant claims that he was not to be personally liable.

It has been held repeatedly that parol evidence to show the purpose and intent for which a security was executed is not regarded as contradicting or varying its terms or effect. (*Truscott* v. *King*, 6 N. Y. 147, 161; *Chester* v. *Bank of Kingston*, 16 id. 336, 343; *Agawam Bank* v. *Strever*, 18 id. 502, 509; *Hutchins* v. *Hebbard*, 34 id. 24; Thomas Mort. [3d ed.] § 101.) Thus, proof of the purpose and intent for which the mortgage was given will be competent.

We think that the answer is not sham and frivolous and that the order should be reversed.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.