■ LLOYD NEIDICH, Respondent, v VINCENT M. PETILLI et al., Appellants, et al., Defendant.—In an action, *inter alia,* to recover a money judgment upon a mortgagor's default, the defendants Vincent M. Petilli and Reventas Properties, Inc., appeal from a judgment of the Supreme Court, Westchester County, entered February 13, 1979, which, after a nonjury trial, granted plaintiff judgment on his first and third causes of action and failed to grant their counterclaim for reformation of the mortgage. Judgment reversed, on the law, and, as between plaintiff and appellants, action severed and new trial granted, with costs to abide the event. In 1972 the defendants-appellants each owned half shares in several parcels of land as tenants in common. Because Reventas Properties, Inc. (RPI) was having financial difficulties, it asked codefendant Vincent M. Petilli to buy its share of these properties, including the one in question which is located in Yonkers. Petilli agreed to buy RPI's interest and executed a second mortgage. The mortgage recites that it secures payment of a debt of $5,923, plus interest, and also states: "AND the mortgagor covenants with the mortgagee as follows: 1. That the mortgagor will pay the indebtedness as hereinbefore provided." No rider was attached to show that the parties agreed that the mortgagor would not be personally bound. Rose Handler, the plaintiff's mother, was employed by Frank Bennardo, attorney for RPI, as a secretary in 1972, when this mortgage was drawn. Bennardo testified that John Reventas, RPI's president, said that Mrs. Handler had expressed an interest in purchasing the mortgage for her son. When Revantas and Mrs. Handler reached an agreement, Bennardo drew the assignment. The assignment recites that the mortgage is being assigned to Lloyd Neidich "TOGETHER with the bond or note or obligation described in said mortgage" and it also contains a covenant by the assignor that "there is now owing upon said mortgage, without offset or defense of any kind, the principal sum of Five thousand nine hundred twenty-three ($5,923.00) and no/100 dollars, with interest". Bennardo claims that he carefully explained to Mrs. Handler that she was buying the mortgage as security only and that the mortgagor was not personally liable for the debt. After making payments to the plaintiff for several years, the mortgagor defaulted and the plaintiff chose to bring an action at law to recover on the debt rather than one to foreclose the mortgage. The appellants argue that no action at law may be maintained against the mortgagor in the absence of a bond and that if such an action can be maintained, they are entitled to a reformation of the mortgage because it was the understanding of the parties that the defendant Petilli was not to be personally liable on the debt. The trial court held that an action could be maintained on the debt because the mortgage contained a covenant to pay. The court further held that it would not consider the testimony concerning the agreement that the mortgagor would not be personally liable because such an agreement contradicted provisions contained in the mortgage and, therefore, extrinsic evidence of such an agreement would violate the parol evidence rule. We agree that the covenant in

the mortgage, in which the mortgagor agreed to pay the debt, binds the mortgagor so that the mortgagee or his assigns may have recourse against the mortgagor personally. Section 249 of the Real Property Law provides: "A mortgage of real property does not imply a covenant for the payment of the sum intended to be secured; and where such covenant is not expressed in the mortgage, or a bond or other separate instrument to secure such payment has not been given, the remedies of the mortgagee are confined to the property mentioned in the mortgage." The statute clearly implies that a mortgagee is not restricted to foreclosure when a covenant to pay is expressed in the mortgage. Section 254 of the Real Property Law provides, in pertinent part: "3. Covenant to pay indebtedness. In default of payment, mortgagee to have power to sell. A covenant 'that the mortgagor will pay the indebtedness, as hereinbefore provided,' must be construed as meaning that the mortgagor for himself, his heirs, executors and administrators or successors, doth covenant and agree to pay to the mortgagee, his executors, administrators, successors and assigns, the principal sum of money secured by said mortgage, and also the interest thereon as provided by said mortgage." Nothing in that subdivision can be read as limiting the mortgagee to foreclosure and an action to recover a deficiency judgment, although it does say that he has recourse to such remedies. The cases have consistently held that a covenant to pay, of the kind found in the instant mortgage, will personally obligate the mortgagor, even in the absence of a bond (*Munoz v Wilson,* 111 NY 295; *Quackenbush v Quackenbush,* 130 Misc 738; *Carrara v Carrara,* 29 Misc 2d 907, 909; *Acme Investors Corp. v Kahan,* 64 NYS2d 6). The fact that all of those cases except *Acme Investors* involved deficiency judgments and not actions brought initially against the debtor personally is of no moment. The making of a promise to pay a sum of money in a valid agreement binds the mortgagor and he may be subjected to an action on the debt upon his default. It has long been the rule that neither the parol evidence rule nor the Statute of Frauds will prevent the reformation of a contract in a proper case and that parol evidence is admissible in an action to reform a contract. (See *Truscott v King,* 6 NY 147, 161; *Brandwein v Provident Mut. Life Ins. Co. of Philadelphia,* 3 NY2d 491, 496; *Thompson v Howell,* 20 AD2d 963; 13 Williston, Contracts [3d ed], § 1552.) The parties to the mortgage claim, in effect, that they had agreed that the mortgagor would not be held personally liable on the debt and that the mortgage does not reflect the agreement because the scrivener incorrectly believed that he did express the intent of the parties by drawing a standard mortgage with no bond. If, upon the new trial, the appellants can establish their theory by the requisite standard of proof, they will be entitled to reformation of the mortgage. (See, generally, *Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219-220; *Born v Schrenkeisen,* 110 NY 55, 59.) Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.