■ HOWARD S. BRESLOW et al., Appellants, v BARRY S. SOLOMON, Defendant, and DEBORAH SOLOMON, Respondent. — In an action, *inter alia,* to foreclose a mortgage, plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated July 25, 1983, as denied their application to enter a deficiency judgment against defendant Deborah Solomon and granted the application of that defendant to resettle the judgment of foreclosure and sale entered August 20, 1982.

Order modified, on the law, by striking the first, second and fourth decretal paragraphs thereof and substituting therefor a provision denying defendant Deborah Solomon's application to resettle. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith.

Special Term erred by granting the application of defendant Deborah Solomon to resettle the original judgment of foreclosure and sale by making her husband, Barry S. Solomon, solely liable for any deficiency judgment. The original judgment properly held defendant Deborah Solomon liable for a deficiency judgment along with her husband, as she executed a mortgage containing a covenant " '[t]hat the mortgagor will pay the indebtedness as hereinbefore provided' " (see *Neidich v Petilli,* 71 AD2d 999; *Feigenbaum v Hizsnay,* 187 App Div 126; *Acme Investors Corp. v Kahan,* 64 NYS2d 6). Additionally, we note that the change in the judgment requested in defendant Deborah Solomon's application and made by Special Term cannot properly be denominated as resettlement, as it was not limited to correcting a technical or clerical error or to conforming the judgment with the original decision of the court (*Herpe v Herpe,* 225 NY 323, 327; *Foley v Roche,* 68 AD2d 558, 566; 2 Carmody-Wait 2d, NY Prac, par 8:125, p 142).

This matter is remitted to Special Term to determine the fair market value of the mortgaged premises and, if warranted, to make an order directing the entry of a deficiency judgment

against defendant Deborah Solomon, in accordance with RPAPL 1371 (subd 2). Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.