[610 NYS2d 691]

In the Matter of SARALLOYD CC., Respondent, v MITCHEL DD., Appellant.

Third Department, April 21, 1994

## APPEARANCES OF COUNSEL

*Gellert & Cutler, P. C.,* Poughkeepsie *(Raina E. Maissel* of counsel), for appellant.

*Ian McDonald, County Attorney* of Dutchess County, Poughkeepsie *(Heather Kitchen* of counsel), for respondent.

## OPINION OF THE COURT

PETERS, J.

On January 31, 1991 petitioner filed a paternity petition with the Dutchess County Family Court seeking, *inter alia,* a filiation order. On February 14, 1991, a process server delivered the petition and summons to the doorkeeper at 145 East 81st Street, New York City, for apartment 7E and also mailed a copy of the petition and summons to respondent at that address by certified mail.

Respondent subsequently moved to dismiss the petition for lack of personal jurisdiction, averring that the apartment was neither his place of business, his residence nor his usual place of abode. Moreover, respondent contended that he was a resident of Nevada.

On April 16, 1991 petitioner filed an amended petition in which she added a request for an order of support. A traverse hearing on respondent's motion to dismiss was scheduled for July 12, 1991. On that date respondent put in a limited appearance to contest jurisdiction. After reviewing all the papers and listening to some argument, Family Court rendered a decision from the Bench finding the traverse hearing unnecessary and denying respondent's motion to dismiss, finding that service was proper pursuant to CPLR 308 (2). The court reasoned that the apartment mentioned was respondent's usual place of abode and that delivery of the summons and complaint to the building's doorkeeper when respondent was not at home, followed by mailing of these papers to the apartment address, was sufficient.

In reaching its decision, Family Court noted that service on a doorkeeper has been deemed proper if the doorkeeper refused access to the apartment when the person to be served is

not at home, and that in the instant proceeding the process server could not have served respondent as respondent stated that he was not on the premises or even in the State when service was attempted. In addition, petitioner had affirmed that in the past she was denied access to respondent's apartment unless he was present at the premises and that she too resorted to leaving articles with the doorkeeper. In finding service to be proper, the court granted petitioner permission to personally serve the amended petition on respondent at that time, over his objection.

Respondent appeals Family Court's finding of personal jurisdiction and service pursuant to CPLR 308 (2), as well as the propriety of service of the amended petition. While we affirm Family Court's finding of personal jurisdiction and therefore find that service of the amended petition was proper, we do so on other grounds.[1]

A paternity proceeding is "a creature *sui generis,* to which special rules apply" *(Duerr v Wittmann,* 5 AD2d 326, 330) and is governed by Family Court Act article 5. Such a proceeding is commenced by the filing of a verified petition with Family Court (Family Ct Act § 523). A summons is then issued by the court which must be served pursuant to the mandates of Family Court Act § 525. This section permits personal service, substituted service by court order and service by mail alone to the last known address of the person to be served. If service is by mail alone, no default may be entered without proof that the respondent had actual notice of the commencement of the proceeding. Family Court Act § 525 (c), in permitting service by mail alone to the last known address of the person to be served, enables one to acquire jurisdiction regardless of whether personal service is attempted or a request for a court order authorizing substituted service is made to circumvent service problems which may potentially prevent the court from assuming jurisdiction.

While the Court of Appeals has cautioned in *Feinstein v*

---

1. By refusing to hold the traverse hearing, Family Court left unanswered whether a person of suitable age and discretion was in the apartment at the time service was attempted and whether the process server requested access to the apartment and was refused prior to leaving the papers with the doorkeeper. With these questions and similar issues left unresolved, we cannot determine as a matter of law whether service was properly made pursuant to Family Court Act § 525 (a), the functional equivalent of CPLR 308 (2).

*Bergner* (48 NY2d 234, 241) that receipt of actual notice in a case governed by the CPLR would not typically cure a defect because "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court", the provisions of the CPLR will only apply in Family Court proceedings when the method of procedure is not prescribed by the Family Court Act (Family Ct Act § 165; *Horn v Horton,* 90 Misc 2d 159). Hence, with service by mail alone being clearly authorized by the Family Court Act and with the State having an interest in resolving disputes of this nature *(Duerr v Wittmann,* 5 AD2d 326, *supra),* Family Court Act § 525 (c) differs from the service provisions of the CPLR by enabling the court to determine that if actual notice is received even by means other than the mailing, personal jurisdiction is obtained. Having determined that respondent received actual notice of this proceeding, we find that branch of Family Court Act § 525 to be satisfied.

Family Court Act § 525 (c) contains no parallel service provisions to CPLR 308. We are mindful that prior to the enactment of the CPLR in 1962, Civil Practice Act §§ 230 and 231 governed substituted service. The latter statute required, *inter alia,* mailing process to a defendant at his "place of residence" (Civ Prac Act § 231 [2]). In 1970, when enacting a new CPLR 308, the Legislature changed the relevant mailing provision to require that mailing be to a defendant's "last known address" (CPLR 308 [2], as added by L 1970, ch 852, § 1). In 1971, however, the Legislature eliminated the word "address" and restored the word "residence" (L 1971, ch 176, § 1). When the term "address" was used, courts of this State construed such language to require the mailing to be to a residence address *(see, Chalk v Catholic Med. Ctr.,* 58 AD2d 822; *Maloney v Ensign,* 43 AD2d 902).

As of September 1, 1962 *(see,* L 1962, ch 686), Family Court Act §§ 511 and 521 became the sole bases for Family Court's jurisdiction over paternity proceedings. The Legislature intended to ensure that New York courts could determine the responsibility of putative fathers for support of their children even if the putative father is a nonresident *(Matter of Urbancig v Pipitone,* 23 AD2d 193). When enacting the service provisions of Family Court Act § 525 (c), the Legislature included neither "last known residence" nor "place of residence". Such language was similarly excluded in the amend-

ments to such statute in 1984 and 1993.[2] Hence, because this proceeding is governed by Family Court Act § 525 (former [c]), we find that service may be effectuated at the "last known address" of respondent which need not necessarily be his "last known residence".

Whether respondent "resides" at the apartment in New York City or elsewhere in the State is of no import. Relevant here is the affidavit submitted evidencing a verification by the United States Post Office that mail is regularly delivered to respondent at the New York City apartment address. Moreover, respondent admitted that he was regularly at such address at least several days each month and that such address was the last address known to petitioner. Having determined that respondent admitted to receiving the summons and petition from the doorkeeper and that petitioner mailed such summons and petition to respondent's last known address, we find that respondent was served with process in accordance with Family Court Act § 525 (former [c]) (see, Townsend v Hanks, 140 AD2d 162). With personal jurisdiction acquired, we further find that personal service of the amended petition upon respondent was proper.

As to all other contentions raised, we find them to be without merit.

MIKOLL, J. P., CREW III, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, without costs.

---

2. In fact, the present Family Court Act § 525 (c) (as amended by L 1993, ch 59, § 29) clearly permits service by mail at the "correct street address".