■ 1136 REALTY, LLC, Appellant, v 213 UNION STREET REALTY CORP. et al., Defendants, and DANIEL E. WISE, Respondent. [12 NYS3d 294]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated May 10, 2013, which denied its motion to reject a referee's report dated November 26, 2012, made after a hearing, finding that service of process was not properly effected upon

the defendant Daniel E. Wise, and granted that defendant's cross motion to confirm the referee's report, vacate a judgment of the same court entered January 5, 2011, upon his failure to answer the complaint, and dismiss the complaint pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed, with costs.

In this mortgage foreclosure action, the plaintiff attempted to effect service upon the defendant Daniel E. Wise (hereinafter the defendant) by the delivery of the summons and complaint to an individual of suitable age and discretion at the defendant's actual place of business. The referee who presided over the hearing to determine the propriety of service of process found that the address at which the papers were served was not the defendant's actual place of business. In the order appealed from, the Supreme Court denied the plaintiff's motion to reject the referee's report finding that service of process was not properly effected upon the defendant, and granted the defendant's cross motion to confirm the referee's report, vacate a judgment entered January 5, 2011, upon his failure to answer the complaint, and dismiss the complaint pursuant to CPLR 3211 (a) (8).

CPLR 308 (2) provides, in part, that personal service upon a natural person shall be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence" (*see Samuel v Brooklyn Hosp. Ctr.*, 88 AD3d 979, 980 [2011]). "A person's 'actual place of business' must be where the person is physically present with regularity, and that person must be shown to regularly transact business at that location" (*Rosario v NES Med. Servs. of N.Y., P.C.*, 105 AD3d 831, 833 [2013] [internal quotation marks omitted]; *Selmani v City of New York*, 100 AD3d 861, 861 [2012]). Here, there was no evidence presented at the hearing to indicate that the defendant was physically present with regularity and regularly transacted business at the address where the summons and complaint were delivered.

The plaintiff's remaining contention is without merit.

Accordingly, the referee properly denied the plaintiff's motion to reject the referee's report finding that service of process was not properly effected upon the defendant, and granted the defendant's cross motion to confirm the referee's report, vacate the judgment entered January 5, 2011, upon his failure to answer the complaint, and dismiss the complaint pursuant to

CPLR 3211 (a) (8). Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.