■ ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, Appellant, v SHARINE CARRIER et al., Defendants. [47 NYS3d 393]—

In an action for a judgment declaring, inter alia, that the plaintiff is not obligated to reimburse certain no-fault medical payments with respect to a motor vehicle collision that occurred on September 11, 2011, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 9, 2014, which denied its unopposed motion pursuant to CPLR 3215 for leave to enter a judgment against the defendants Sharine Carrier, Roland Sebastian-Hall, Enis Sebastian, Jennine Eastmond, Active Care Medical Supply Corp., Amy M. Kott, MT, Graham Wellness Medical, P.C., Heel to Toe Foot Center, LLC, Immediate Imaging, P.C., Jing Luo Acupuncture, P.C., Precision Medical Diagnostics of NY, P.C., and Ultra Ortho Products, Inc., upon their failure to appear or answer the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion pursuant to CPLR 3215 for leave to enter a judgment against the defendants Sharine Carrier, Roland Sebastian-Hall, Enis Sebastian, Jennine Eastmond, Active Care Medical Supply Corp., Amy M. Kott, MT, Graham Wellness Medical, P.C., Heel to Toe Foot Center, LLC, Immediate Imaging, P.C., Jing Luo Acupuncture, P.C., Precision Medical Diagnostics of NY, P.C., and Ultra Ortho Products, Inc., declaring that (a) a motor vehicle collision that occurred on September 11, 2011, was an excluded act and all claims arising from that accident are excluded under the terms and conditions of an automobile liability insurance policy issued to the defendant Enis Sebastian, and (b) the plaintiff is not obligated to reimburse certain no-fault medical payments, defend and indemnify the defendant Enis Sebastian against any third-party claims, or provide coverage for any uninsured or underinsured motorist claims with respect to the subject motor vehicle collision is granted.

On September 11, 2011, the defendants Sharine Carrier, Roland Sebastian-Hall, and Jennine Eastmond (hereinafter collectively the claimants) allegedly were injured when their vehicle was sideswiped by a U-Haul truck. After the accident the claimants sought medical treatment from, among others, the defendants Active Care Medical Supply Corp., Graham Wellness Medical, P.C., Heel to Toe Foot Center, LLC, Immediate Imaging, P.C., Jing Luo Acupuncture, P.C., Precision Medical Diagnostics of NY, P.C., and Ultra Ortho Products, Inc. (hereinafter collectively the corporate medical providers), and

the defendant Amy M. Kott, MT. Thereafter, the corporate medical providers and Kott sought reimbursement of no-fault benefits under an automobile liability insurance policy issued to the defendant Enis Sebastian by the plaintiff, Allstate Property & Casualty Insurance Company, the insurer of the claimants' vehicle. On November 21, 2012, the plaintiff commenced this action for a judgment declaring, inter alia, that it is not obligated to reimburse the no-fault medical payments made by the medical providers with respect to the subject motor vehicle collision. The individual defendants were served pursuant to CPLR 308 (4) and the corporate medical providers were served via the secretary of state. On December 20, 2012 the plaintiff served the corporate medical providers with an additional copy of the summons and complaint pursuant to CPLR 3215 (g) (4). After the individual defendants and the corporate medical providers failed to appear or answer, the plaintiff moved by notice of motion dated August 13, 2013, for leave to enter a default judgment against them. The Supreme Court denied the unopposed motion.

On a motion for leave to enter a default judgment under CPLR 3215, a plaintiff must submit proof of service of the summons and the complaint, the facts constituting the causes of action, and the defendant's default (see CPLR 3215 [f]; *Roy v 81E98th KH Gym, LLC*, 142 AD3d 985 [2016]; *Gershman v Ahmad*, 131 AD3d 1104, 1105 [2015]; *Dupps v Betancourt*, 99 AD3d 855, 855 [2012]; *Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]). Here, the plaintiff provided copies of the affidavits of service, a complaint verified by the plaintiff's authorized agent, an affidavit of merit, documentary evidence, and proof that the individual defendants and the corporate medical providers had defaulted in answering the complaint. The plaintiff's proof was sufficient to establish a viable cause of action (see *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70 [2003]). Accordingly, the plaintiff's unopposed motion for leave to enter a default judgment against the individual defendants and the corporate medical providers should have been granted. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.