Deutsche Bank Natl. Trust Co. v Burnett (2021 NY Slip Op 03163)





Deutsche Bank Natl. Trust Co. v Burnett


2021 NY Slip Op 03163


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-10724
 (Index No. 502388/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Alfa Burnett, et al., defendants, Diana Burnett, appellant.


Bruce S. Reznick, P.C., Brooklyn, NY (Thomas Torto of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Brian McGrath of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diana Burnett appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 5, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to confirm that it complied with an order of the same court dated January 23, 2018, directing service upon the defendant Diana Burnett, and denied that defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her on the ground of improper service of process.
ORDERED that the order dated July 5, 2018, is affirmed insofar as appealed from, with costs.
In 2014, the plaintiff commenced this action against the defendant Diana Burnett (hereinafter the defendant), among others, to foreclose a mortgage on residential property in Brooklyn. The defendant failed to answer or appear, and the plaintiff obtained an order of reference on default. After the defendant successfully moved to vacate the default order of reference on the ground that she was not properly served with process in the action, the plaintiff moved pursuant to CPLR 306-b to extend its time to serve the defendant. By order dated January 23, 2018, the Supreme Court granted the motion and directed that service be made on the defendant.
The plaintiff thereafter moved to confirm that it complied with the order dated January 23, 2018, with respect to service upon the defendant, or, in the alternative, for an order authorizing service by publication. The defendant cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her on the ground of improper service of process. By order dated July 5, 2018, the Supreme Court granted that branch of the plaintiff's motion which was to confirm that it complied with the January 23, 2018 order, and denied the cross motion. The defendant appeals.
CPLR 308(4) provides that where personal service under CPLR 308(1) and (2) "cannot be made with due diligence," service may be made by affixing the summons to the door of the defendant's "actual place of business, dwelling place or usual place of abode," and by mailing the summons either to the defendant's last known residence or actual place of business (CPLR [*2]308[4]; see Bank of Am., N.A. v Rolf, 188 AD3d 770, 772). "Where service is effected pursuant to CPLR 308(4), . . . the plaintiff must demonstrate that service pursuant to CPLR 308(1) or (2) (personal service or residence service) could not be made with due diligence" (Aurora Loan Servs., LLC v Gaines, 104 AD3d 885, 886-887 [internal quotation marks omitted]; see CPLR 308[4]).
Here, contrary to the defendant's contention, the plaintiff demonstrated that it exercised due diligence in attempting to personally serve her. The process server's affidavit demonstrated that he made several visits to the defendant's residence on different occasions and at different times, when she could reasonably be expected to be home (see Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760). The defendant's affidavit in support of her cross motion, in which she admitted that she resided at the premises, and merely denied receiving service, was insufficient to rebut the process server's affidavit (see id. at 760).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court