Rattner v Fessler (2022 NY Slip Op 01058)





Rattner v Fessler


2022 NY Slip Op 01058


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-10591
 (Index No. 608348/17)

[*1]Steven Rattner, respondent, 
v
Gillian Fessler, et al., appellants, et al., defendants.


The Law Offices of Lawrence Katz, PLLC, Valley Stream, NY, for appellants.
Bronster LLP, New York, NY (Alexandra C. Mink and Michael Zacharias of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Gillian Fessler, Shaina Fessler, Taryn Fessler, and Eric Fessler, as executor of the estate of Geri Fessler, appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 5, 2019. The order and judgment of foreclosure and sale, inter alia, upon an order of the same court dated March 4, 2019, among other things, granting that branch of the plaintiff's motion which was for leave to reargue (1) those branches of his prior motion which were for leave to enter a default judgment against those defendants and for an order of reference, and (2) the plaintiff's opposition to that branch of those defendants' prior cross motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them, which branches of the prior motion and cross motion had been denied and granted, respectively, in an order of the same court dated August 22, 2018, and, upon reargument, in effect, vacating those portions of the order dated August 22, 2018, and thereupon granting those branches of the plaintiff's prior motion and denying that branch of those defendants' prior cross motion, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the determination in the order dated March 4, 2019, upon reargument, in effect, vacating the determination in the order dated August 22, 2018, denying those branches of the plaintiff's prior motion which were for leave to enter a default judgment against the defendants Taryn Fessler and Eric Fessler, as executor of the estate of Geri Fessler, and thereupon granting those branches of the plaintiff's prior motion is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the validity of service of process upon the defendants Taryn Fessler and Eric Fessler, as executor of the estate of Geri Fessler, and for a new determination thereafter, upon reargument, of those branches of the plaintiff's prior motion which were for leave to enter a default judgment against the defendants Taryn Fessler and Eric Fessler, as executor of the estate of Geri Fessler.
On or about March 3, 2010, Geri Fessler executed a document (hereinafter the subject document) granting the plaintiff a security interest encumbering real property located in Merrick (hereinafter the subject property). The subject document provided, inter alia, that the security [*2]interest was given to secure the payment of an indebtedness in the sum of $1 million from Geri Fessler to the plaintiff, and that Geri Fessler agreed to "pay the indebtedness" as provided in the subject document. Geri Fessler (hereinafter the decedent) died on December 21, 2011, and Eric Fessler was thereafter appointed executor of the decedent's estate. On January 5, 2015, Eric Fessler, as executor, transferred title to the subject property to Gillian Fessler, Shaina Fessler, and Taryn Fessler, as tenants in common.
In August 2017, the plaintiff commenced this action against, among others, the defendants Gillian Fessler, Shaina Fessler, Taryn Fessler, and Eric Fessler, as executor (hereinafter collectively the defendants), to foreclose the mortgage encumbering the subject property. The complaint alleged, inter alia, that the subject document constituted a combined note and mortgage. The defendants allegedly failed to appear or answer the complaint. The plaintiff moved, among other things, for leave to enter a default judgment against the defendants and for an order of reference. The defendants opposed the plaintiff's motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them. In an order dated August 22, 2018, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them. The plaintiff moved for leave to reargue both his prior motion and his opposition to that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them.
In an order dated March 4, 2019, the Supreme Court granted the plaintiff's motion for leave to reargue, and, upon reargument, in effect, inter alia, vacated the determination in the August 22, 2018 order denying those branches of the plaintiff's prior motion which were for leave to enter a default judgment against the defendants and for an order of reference, and granted those branches of the plaintiff's prior motion, and, in effect, vacated the determination in the August 22, 2018 order granting that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them, and denied that branch of the defendants' cross motion. In another order, also dated March 4, 2019, the court, inter alia, appointed a referee to compute the amount due to the plaintiff. By order and judgment of foreclosure and sale entered August 5, 2019, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The defendants appeal from the order and judgment of foreclosure and sale.
The Supreme Court, upon reargument, properly granted that branch of the plaintiff's prior motion which was for leave to enter a default judgment against Gillian and Shaina. On a motion for leave to enter a default judgment under CPLR 3215, a plaintiff must submit proof of service of the summons and the complaint, the facts constituting the causes of action, and the defendant's default (see CPLR 3215[f]; Allstate Prop. & Cas. Ins. Co. v Carrier, 147 AD3d 889, 890). Pursuant to CPLR 308(2), personal service upon a natural person shall be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence" (see Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762; 1136 Realty, LLC v 213 Union St. Realty Corp., 130 AD3d 590, 591). CPLR 308(4) provides that where personal service under CPLR 308(1) and (2) "cannot be made with due diligence," service may be made by affixing the summons to the door of the defendant's "actual place of business, dwelling place or usual place of abode" (id. § 308[4]) and by mailing the summons either to the defendant's last known residence or actual place of business (see id.; Bank of Am., N.A. v Rolf, 188 AD3d 770, 772). "Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service" (FV-1, Inc. v Reid, 138 AD3d 922, 923; see US Bank, N.A. v Schumacher, 172 AD3d 1137, 1137).
Here, the plaintiff provided affidavits of service demonstrating, prima facie, that Gillian was served with the summons and complaint pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of Gillian's residence, and by mailing a copy of the summons and complaint to Gillian's last known residence (see Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 747; Taron Partners, LLC v McCormick, 173 AD3d 927, 929; Deutsche Bank Natl. Trust [*3]Co. v Stolzberg, 165 AD3d 624, 625; Argent Mtge. Co., LLC v Vlahos, 66 AD3d 721). Contrary to the defendants' contention, the allegations contained in the affidavit of the plaintiff's process server were sufficient to establish the requisite mailing (see Feinstein v Bergner, 48 NY2d 234, 240 n 4; Matter of Saralloyd CC. v Mitchel DD., 197 AD2d 304, 307; Donohue v La Pierre, 99 AD2d 570). Further, the plaintiff provided copies of affidavits of service demonstrating, prima facie, that Shaina was served with the summons and complaint pursuant to CPLR 308(2) by delivering a copy of the summons and complaint to "Seth Fessler, Husband," "a person of suitable age and discretion," at Shaina's residence, and by mailing a copy of the summons and complaint to Shaina's last known residence (see Feinstein v Bergner, 48 NY2d at 240 n 4; Bank of Am., N.A. v Genzler, 188 AD3d 634; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967; Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d 876, 878; Matter of Saralloyd CC. v Mitchel DD., 197 AD2d at 307; Donohue v La Pierre, 99 AD2d 570). The plaintiff also demonstrated that both Gillian and Shaina failed to appear or answer within the time allowed (see Gray v Doyle, 170 AD3d 969).
In addition, contrary to the defendants' contention, the plaintiff also established the existence of a viable cause of action with evidence that the decedent had agreed in the subject document to pay a debt owed to the plaintiff and that the debt was secured by a mortgage on the subject property (see Real Property Law § 254[3]; Breslow v Solomon, 105 AD2d 824, 824; Neidich v Petilli, 71 AD2d 999, 1000; Wood v Travis, 231 App Div 331, 332-333; Quackenbush v Quackenbush, 130 Misc 738, 739 [Sup Ct, Cattaraugus County]; Carrara v Carrara, 29 Misc 2d 907, 909 [Sup Ct, Westchester County], affd 16 AD2d 695; cf. Kawai Am. Corp. v Hilton, 205 AD2d 1021, 1022).
Generally, "'[t]o successfully oppose a facially adequate motion for leave to enter a default judgment and for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action'" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185, quoting Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026-1027). However, where, as here, a defendant seeking to vacate a default raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897). A court lacks personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process (see id. at 896-897; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889). In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897). While a mere conclusory denial of service will not suffice to rebut a prima facie claim of proper service (see US Bank N.A. v Ramos, 153 AD3d 882, 884), "the sworn denial, combined with documentary and other evidence supporting such claim, is sufficient to rebut the plaintiff's prima facie showing of proper service and to necessitate an evidentiary hearing" (U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155).
Here, the affidavits submitted by both Gillian and Shaina in support of the defendants' cross motion and in opposition to the plaintiff's prior motion were insufficient to rebut the plaintiff's prima facie showing of proper service on those defendants. Gillian admitted in her affidavit that she resided at the premises where service was effectuated, and offered nothing more than a conclusory denial of having received service (see U.S. Bank N.A. v Nakash, 195 AD3d 651, 652; Deutsche Bank Natl. Trust Co. v Burnett, 194 AD3d 908; Bank of N.Y. Mellon Trust Co., N.A. v Kahn, 192 AD3d 1070, 1071; Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 859). Shaina similarly denied receiving service, and asserted that she did not know "any person by the name of 'Seth Fessler'" and that she was not married on the date when service was allegedly made. However, the plaintiff's process server provided a physical description of the individual identified as Seth Fessler in the affidavit of service by delivery, and Shaina did not deny that a person matching that description was present at the time of service (see Deutsche Bank Natl. Trust Co. v Galloway, 169 AD3d 642; Nationstar Mtge., LLC v Kamil, 155 AD3d at 967; Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 718; US Bank N.A. v Ramos, 153 AD3d at 884). Gillian and Shaina also each failed to establish a reasonable excuse for their defaults. Thus, it is unnecessary to consider whether the defendants sufficiently demonstrated the existence of a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 640-641; Wells Fargo Bank, NA [*4]v Besemer, 131 AD3d 1047, 1049).
Accordingly, upon reargument, the Supreme Court properly granted those branches of the plaintiff's prior motion which were for leave to enter a default judgment against Gillian and Shaina and for an order of reference. However, the Supreme Court erred in, upon reargument, also granting those branches of the plaintiff's prior motion which were for leave to enter a default judgment against Taryn and Eric, as executor. "[I]f a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested" (F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797; see Siegel, NY Prac § 72 [6th ed 2021]; Bank of Am., N.A. v Grufferman, 117 AD3d 508, 508). Here, the affidavit of the plaintiff's process server stated that a copy of the summons and complaint was mailed to Taryn's last known residence, and that the process servicer had left a copy of the summons and complaint with "Douglas Lugue/Concierge," "a person of suitable age and discretion," because he was "refused access to [the] Apartment" listed as the address where service was to be effectuated. However, Taryn averred in her affidavit submitted by the defendants in support of their cross motion that she had never received the summons and complaint, and that there was no restricted access to the apartment where the plaintiff sought to effectuate service (see Citibank, N.A. v Balsamo, 144 AD3d 964, 965; Matter of MBNA Am. Bank, N.A. v Novins, 123 AD3d 832, 832).
With regard to service upon Eric, the affidavit of the plaintiff's process server similarly stated that a copy of the summons and complaint was mailed to Eric's last known residence, and that a copy of the summons and complaint was left with "JOHN DOE (REFUSED NAME/SECURITY GUARD)," "a person of suitable age and discretion." However, Eric averred in an affidavit submitted by the defendants in support of their cross motion that he had never received the summons and complaint, and that there was "easy access" to the address where service was to be effectuated (see Wells Fargo Bank, N.A. v Ferrato, 150 AD3d 546; see also Soils Eng'g Servs. v Donald, 258 AD2d 425, 426; McCormack v Goldstein, 204 AD2d 121, 121-122).
Consequently, upon reargument, the Supreme Court should have conducted a hearing to resolve Taryn's and Eric's jurisdictional objections before determining those branches of the plaintiff's prior motion which were for leave to enter a default judgment against those defendants. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether personal jurisdiction over Taryn and Eric was obtained, and thereafter for a new determination, upon reargument, of those branches of the plaintiff's prior motion which were for leave to enter a default judgment against those defendants.
The defendants' remaining contention is without merit.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court