Deutsche Bank Natl. Trust Co. v Mangi (2023 NY Slip Op 06725)

Deutsche Bank Natl. Trust Co. v Mangi

2023 NY Slip Op 06725

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-06649
2021-06650
 (Index No. 68413/19)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Joseph Mangi, etc., et al., appellants, et al., defendants.

Galgano Sharp LLP, White Plains, NY (Eric R. Sharp of counsel), for appellants.
Stradley Ronon Stevens & Young, LLP, New York, NY (Adam Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Mangi and Helen Maher appeal from two orders of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), both dated July 21, 2021. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and denied the cross-motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due on the note.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On August 9, 2006, the defendant Joseph Mangi executed a Consolidation, Extension, and Modification Agreement (hereinafter CEMA) in favor of American Brokers Conduit. Mangi also executed a consolidated note in favor of American Brokers Conduit, which consolidated several prior notes into a single debt in the sum of $2,130,000. The consolidated note was secured by a consolidated mortgage on certain real property located in Armonk in Westchester County (hereinafter the subject property).
On November 6, 2019, the plaintiff, successor-in-interest to American Brokers Conduit, commenced this action to foreclose the mortgage against Mangi and the defendant Helen Maher (hereinafter together the defendants), among others. The defendants interposed an answer on December 9, 2019.
On January 12, 2021, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In support of the motion, the plaintiff submitted the affidavit of Nicolle Marie Krongel, the office manager of the law firm McCabe, Weisberg & Conway, LLC (hereinafter MWC), the attorneys for the plaintiff at that time. Krongel stated that she was familiar with MWC's records and record-keeping practices. She [*2]gave a detailed description of MWC's standard practices and procedures for mailing RPAPL 1304 notices. She attached a copy of MWC's relevant business records, which stated that the RPAPL 1304 notices were mailed on September 30, 2019.
Krongel also attached copies of the RPAPL 1304 notices themselves. The notices were mailed to the defendant Joseph Mangi at the subject property, and at another property in Mount Kisco (hereinafter the Mount Kisco property).
The defendants opposed the plaintiff's motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against them, inter alia, on the ground that the plaintiff failed to comply with RPAPL 1304. In support of the cross-motion, the defendants submitted the affidavit of Mangi. Mangi stated that he lived at the subject property from 2000 to 2010. He also stated that he had not lived at the Mount Kisco property since 2016. He stated that, at the time the plaintiff purportedly mailed the RPAPL 1304 notices, he lived at an address in West Harrison.
The defendants also submitted a judgment dismissing a prior foreclosure action commenced by the plaintiff against Mangi, which listed Mangi as having an address in West Harrison. The judgment was dated June 20, 2019. They also submitted an affidavit of service, showing that Mangi was served with the summons and complaint in the instant action on November 9, 2019, at the West Harrison address.
In an order dated July 21, 2021, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and denied the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them. The court determined that RPAPL 1304 was not applicable because the subject property was not Mangi's principal dwelling prior to commencement of the action, and, in any event, the plaintiff established that it mailed the notices. In a second order, also dated July 21, 2021, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due on the note. The defendants appeal from both orders.
The Supreme Court properly determined that the plaintiff had established its compliance with RPAPL 1304. RPAPL 1304(1) provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action" (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v LoPresti, 203 AD3d 883, 884).
Initially, the plaintiff correctly argues that noncompliance with RPAPL 1304 is a "personal defense," which cannot be raised by a "stranger to the note and underlying mortgage" (Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Tigani, 185 AD3d 796, 799). Thus, the defendant Helen Maher, who did not sign the CEMA, the Consolidated Note, or the Consolidated Mortgage, cannot raise the defense.
The defendants correctly argue that the Supreme Court erred in determining that RPAPL 1304 did not apply to Mangi. "The fact that the borrower no longer occupies the residence as his or her principal dwelling does not relieve the plaintiff of the obligation to send an RPAPL 1304 notice prior to commencing the foreclosure action" (Wells Fargo Bank, N.A. v Rodriguez, 210 AD3d 728, 731).
Nevertheless, the Supreme Court properly determined, in any event, that the plaintiff established that it had complied with the statute. RPAPL 1304(2) requires that the notice be sent by [*3]registered or certified mail, and also by first-class mail, to the last known address of the borrower. Contrary to the defendants' contention, the plaintiff established that it mailed the notice to Mangi's last known address. Although the defendants submitted evidence that Mangi was served with the summons and complaint in this action at a different address, and that the judgment dismissing a prior foreclosure action also listed a different address for Mangi, "the 'last known address' of a party is 'not necessarily' the last known residence of that party" (Emigrant Bank v Carrera, 208 AD3d 636, 639, quoting Matter of Saralloyd CC. v Mitchel DD., 197 AD2d 304, 308; cf. Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 852-853).
Also contrary to the defendants' contention, the evidence submitted by the plaintiff was sufficient to establish that the plaintiff actually mailed the notice. The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti—Scheurer, 172 AD3d 17, 21).
Here, the plaintiff established compliance with the statute by submitting the affidavit of Krongel, who gave a detailed description of MWC's standard office procedure designed to ensure that items are properly addressed and mailed. She also attached a copy of MWC's relevant business records, which stated that the RPAPL 1304 notices were mailed on September 30, 2019 (see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208).
Mangi's mere denial of receipt of the RPAPL 1304 notice was insufficient to establish entitlement to summary judgment on the defendants' cross-motion or to raise a triable issue of fact in opposition to the plaintiff's motion (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21; see also U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and denied the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court