Midland Credit Mgt., Inc. v Rene (2024 NY Slip Op 50729(U))

[*1]

Midland Credit Mgt., Inc. v Rene

2024 NY Slip Op 50729(U)

Decided on June 10, 2024

Civil Court Of The City Of New York, Richmond County

Helbock Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 10, 2024
Civil Court of the City of New York, Richmond County

Midland Credit Management, Inc., Plaintiff,

against
Jadzia K. Rene, Defendant.

Index No. CV-3953-23/RI

Robert J. Helbock, Jr., J.

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this application:
Papers Numbered
Notice of Motion and Affirmation/Affidavit annexed dated January 15, 2024 1
Supplemental Affidavit/Affirmation dated 3/28/2024 2
Declaration of Non-Service of Summon & Complaint 3
Upon the foregoing cited papers, the decision on Defendant's motion for default judgment is as follows:
This is a consumer debt matter alleging non-payment of a debt originating with Comenity Bank for a Victoria's Secret credit card and charged off on or about August 31, 2021. The debt was later purchased and assigned to MIDLAND CREDIT MANAGEMENT, INC. (referred to as Plaintiff). The Plaintiff instituted this proceeding by filing the summons and complaint in this Court on December 4, 2023. The Plaintiff now moves for judgment based upon the non-appearance of JADZIA K. RENE (referred to as Defendant).
"The court does not have a mandatory, ministerial duty to grant a motion for leave to enter default judgment and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action." Wachovia Mortgage FSB v. Macwhinnie, 175 AD3d 1587 (Second Dept., 2019); citing Paulus v. Christopher Vacira, Inc., 128 AD3d 116, 126.
When deciding a motion for a default judgment, the Court must review the service of process to ensure the plaintiff has met their prima facie burden to obtain jurisdiction over the defendant. Generally, the process server's affidavit of service constitutes prima facie evidence of valid service when performed pursuant to the requirements of the NY Civil Practice Law and Rules (CPLR). (Simonds v. Grobman, 277 AD2d 369 (App. Div., Second Dept., 2000); citing Wieck v. Halpern, 255 AD2d 438. However, in this matter the service of the summons and [*2]complaint was affected on a location different than the Defendant's residence address, as cited in the summons and complaint. Therefore, the service of process requires greater scrutiny.
The Plaintiff's Summons identified the Defendant as residing at 472 Pelton Avenue, Apt 1, Staten Island, NY 10310 (referred to as the Pelton Avenue address). Paragraph 2 of the complaint also identifies the Defendant as residing at the Pelton Avenue address. However, the affidavit of service of process filed with the Court on December 18, 2023, shows the summons and complaint were delivered to "John Doe" at the address of 350 Willow Road West, Apartment 1H, Staten Island, NY (referred to as the Willow Road address). The affidavit of service identified this location as a residence, not a place of employment or other location. There was nothing in the Plaintiff's motion to explain why the Defendant was served at a residence address other than the location identified in the summons and complaint.
The Court adjourned the matter to give the Plaintiff an opportunity to supplement their motion to explain the discrepancy. The Plaintiff's attorney filed a supplemental affidavit with the Court on March 28, 2024 (dated March 25, 2024), explaining that service was attempted at the Pelton Avenue location but could not be completed. The attorney attached a copy of the "Declaration of Non-Service" (referred to as the Declaration) by the process server to her affirmation. In that Declaration the deponent states that on November 22, 2023, the process server spoke with the Defendant's (female) former roommate (male) who said she moved out three months ago. That Declaration does not state the Defendant's new address. Therefore, the Pelton Avenue address was not proper for service of process.
The last statement of account attached to the complaint was for the period through August 2, 2021, and was addressed to the Willow Road address. Presumably, the Defendant was living at that address in August of 2021. The summons and complaint were dated November 7, 2023, and represented in Paragraph 2 of the complaint that, upon information and belief, the Defendant was residing at the Pelton Avenue address. So, if the Defendant moved from the Willow Road address to the Pelton Avenue address between 2021 and 2023, then the Plaintiff's motion does not explain how service of process on the Defendant's old address was proper in 2023.
Five days after the process server learned the Pelton Avenue address was invalid, service was made on "John Doe" (male) at the Willow Road address. However, the Plaintiff has not produced any explanation to show that the Defendant was residing at the Willow Road address or the relationship between John Doe and the Defendant. Since it is possible that John Doe may have been the tenant who replaced the Defendant at the Willow Road Address after the Defendant moved to the Pelton Avenue address, there is no basis for the Court to know the Defendant returned to the Willow Road address when she moved out of Pelton Avenue.
The issue of residence is also raised by the process server's representation in the Declaration dated November 23, 2023. The document states the Defendant's residency on Pelton Avenue was confirmed by the New York Department of Motor Vehicles. The Affidavit of Service at the Willow Road address, four (4) days later, also shows "residency confirmed via DMV." Without further explanation, these two statements, in a four-day time span, are contradictory and raise credibility issues not addressed by the motion. 
The Court gave the Plaintiff two opportunities to provide the explanation of why service upon the Defendant at her old address should be considered proper. At the third scheduled date for argument of the motion, the Plaintiff submitted an unsigned "investigation report" without any affirmation or explanation providing an admissible foundation for the report. The Plaintiff [*3]did not request any additional time to do so. Therefore, the Court will not consider the "investigation report" in making its decision. Thereafter the motion was marked submitted.
A default judgment will be granted where the Plaintiff has made a prima facie showing that the Plaintiff is entitled to judgment. One element of the prima facie case is the proof of service of process upon the Defendant. (Rattner v. Fessler, 202 AD3d 1011 (App. Div., Second Dept., 2022); citing CPLR §3215; Allstate Prop. & Cas. Ins. Co. V. Carrier, 147 AD3d 889, 890.) In this matter the Court finds the Plaintiff did not meet that prima facie burden of proof.
Accordingly, the Plaintiff's motion for a default judgment is DENIED. This is the Decision and Order of the Court.
Dated: June 10, 2024
Hon. Robert J. Helbock, Jr.
Judge, NYC Civil Court